## OSCAR W. VALLEN, RESPONDENT, v. JAMES H. McGUIRE, APPELLANT.

*Appeal from a Justice's Court — affidavits tending to show misconduct of the justice cannot be read in the appellate court.*

On an appeal from the judgment of a Justice's Court to the County Court, affidavits were presented to the appellate court by the appellant, with a notice to the effect that such affidavits would be read, on the hearing of the appeal in that court, in order to show errors of fact committed by the Justice's Court. These affidavits related to the alleged misconduct of the justice after the case was submitted to him for decision.

*Held*, that the affidavits were not admissible for this purpose, and that the County Court erred in reversing the judgment of the Justice's Court.

*Semble*, that the only cases in which an affidavit may be used, on an appeal from a justice's judgment, are those prescribed by sections 3056, 3057 and 3064 of the Code of Civil Procedure; that the affidavits presented in this case to the County Court were clearly not within the scope of either of these sections of the Code, and that the matters alleged in such affidavits could only be brought before the appellate court by means of a return.

APPEAL from a judgment of the County Court of Cattaraugus county reversing the judgment of a Justice's Court.

*C. V. Reynolds*, for the appellant.

*Coxe & Whipple*, for the respondent.

DWIGHT, J.:

The record does not show on what ground this judgment was reversed by the County Court. There seems to have been a fair conflict of evidence on the question, both of the amount and the value of the work done, for which the plaintiff brought his action. In the points submitted by the respondent here, the statement is made that the appellant below "appealed to the County Court, assigning errors of fact" (although the notice of appeal is silent in respect to the grounds of error), and the record contains affidavits presented to the County Court by the appellant below, with a notice to the effect that such affidavits would be read on the argument of the appeal in the County Court, to show errors of fact committed by the Justice's Court. These affidavits relate to alleged misconduct of the justice after the case was submitted to him for decision;

and it is chiefly upon the effect of these affidavits that the respondent here seems to rely to sustain the action of the County Court in reversing the judgment of the justice.

The practice seems to be without sanction of law. The only cases in which affidavits may be used on appeal from a justice's judgment are those prescribed by sections 3056, 3057 and 3064 of the Code of Civil Procedure. The first of these sections provides for the substitution of affidavits in place of a return, when the justice, by death, lunacy or removal from the State, becomes unable to make a return. Section 3064 applies only to the case of an appeal taken by a defendant who failed to appear before the justice. Section 3057 reads : " Where an appeal is founded upon an error in fact in the proceedings, not affecting the merits of the action, *and not within the knowledge of the justice*, the court may determine the matter upon affidavits, or, in its discretion, upon the examination of witnesses, or in both methods." It must have been in supposed conformity to the provisions of the section last quoted that the plaintiff, appellant below, read affidavits on the hearing of his appeal. But the case was clearly not within the scope of those provisions. The matters alleged in the affidavits, if they existed, were wholly within the knowledge of the justice, and were, therefore, not subject to presentation by affidavit. If they constituted ground of error at all, it was only by means of a return that they could be brought to the knowledge of the appellate court.

All the allegations of the matters referred to were fully met by answering affidavits, and it is difficult to see how the County Court could have held them established by a preponderance of proof. But there was no authority for the employment of affidavits in the case ; and, as the judgment of reversal was apparently based upon the affidavits, it cannot be sustained.

The judgment of the County Court must be reversed, and that of the justice affirmed .

All concur.

Judgment of the County Court reversed and that of the justice affirmed.