MARY M. SEELEY, Respondent, *v.* ARTHUR M. BISGROVE, Appellant.

*Judgment — reversed by reason of communications had with the jury by the justice during its deliberations.*

After a trial before a justice of the peace and a jury, of an action brought to recover the value of a quantity of hay alleged to have been sold by the plaintiff to the defendant, the justice entered the jury room during the deliberation of the jurors upon their verdict, with the consent of both parties, but, without the knowledge or consent of either of the parties to the action, read to the jurors the original answer of the defendant.

*Held,* that, as the answer contained allegations which might have prejudiced the plaintiff's case, the reading of such answer, without the knowledge or consent of the plaintiff, was erroneous and required the reversal of a judgment entered upon the verdict of the jury in favor of the defendant.

APPEAL by the defendant, Arthur M. Bisgrove, from a judgment of the County Court of Cayuga county in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 19th day of February, 1894, upon the decision of the court reversing the judgment of a justice of the peace of the town of Owasco, Cayuga county.

*W. E. & F. E. Hughitt,* for the appellant.

*C. R. Milford,* for the respondent.

HAIGHT, J.:

This action was brought to recover for a quantity of hay alleged to have been sold by the plaintiff to the defendant. The case was tried before a jury. The verdict was not satisfactory to the plaintiff, and she appealed.

It appears from the return of the justice that he entered the jury room on two separate occasions during the deliberation of the jurors upon their verdict. He states that this was done with the knowledge and consent of both the plaintiff and the defendant. In this respect his return is in conflict with the affidavits of the plaintiff and of her attorney, who both swear that they did not know or consent to his so visiting the jury. But, assuming that the return is correct that he entered with the knowledge and consent of the parties, he further returns that, on the occasion of his first visit to the

jury room, he asked the jury if they could agree, and they said they could not; that he then told them that he had a paper which might help them to decide, and he then read to them the original answer of the defendant, which had not been read to them before, and he further returned that he read the answer to the jury without the knowledge or consent of either party, but says that he told the parties afterwards; that, on the occasion of his second visit to the jury, he found they had not agreed, and that he then told them that if it would help bring them to a decision, he would throw off some of his costs, as he thought that the difference was slight between them, etc. We think that the reading of the defendant's answer to the jury, without the knowledge or consent of the plaintiff, was error. It contained what is alleged to have been the statement of the plaintiff in reference to the character and quality of the hay, and the alleged statements of the defendant as to the quality and character of the hay and the condition in which it was found. It also contained alleged statements of the plaintiff to the effect that she told the defendant that he need not take the hay, etc., all of which might have prejudiced the plaintiff's case.

This question has recently been considered by this court in the case of *The People* v. *Linzey* (79 Hun, 23), in which the authorities were collected and discussed. See, also, *Valentine* v. *Kelley* (54 Hun, 78), and *Gibbons* v. *Van Alstyne* (29 N. Y. St. Repr. 461–463). For the reasons stated, the County Court properly reversed the judgment.

The judgment appealed from should, therefore, be affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Cayuga county appealed from affirmed.