MICHAEL KEHRLEY, Respondent, *v.* CAROLINE E. SHAFER, as Executrix, etc., of JOHN H. SHAFER, Deceased, Appellant.

*Trial — a judge should not communicate privately in writing with the jury after it has retired — time within which an application for a new trial must be made — Code of Civil Procedure,* § 1002.

No communication should take place, between the justice presiding at a jury trial and the jury after the case has been submitted to the jury, except in open court and where practicable in the presence of the counsel.

Where there has been a violation of this rule the judgment must be reversed, and the court will not stop to inquire whether the information given by the justice was material or influenced the verdict.

It is improper for the court at the request of a jury, which has retired to deliberate, to send to the jury a written communication stating the amount which the plaintiff claims.

A motion for a new trial, based upon such action on the part of the trial judge, is not within the inhibition of section 1002 of the Code of Civil Procedure, providing that a motion for a new trial, founded upon an allegation of error in a finding of fact or conclusion of law, shall not be made, unless notice therefor be given before the expiration of the time within which an appeal can be taken from the judgment.

APPEAL by the defendant, Caroline E. Shafer, as executrix, etc., of John H. Shafer, deceased, from an order of the County Court of the county of Oneida, entered in the office of the clerk of the county of Oneida on the 17th day of June, 1895, denying the defendant's motion for a new trial of the action.

*W. L. Goodier*, for the appellant.

*Henry F. & James Coupe*, for the respondent.

PER CURIAM:

That the case and exceptions were properly settled in this case we have no doubt. As settled they disclose that after the jury had retired to deliberate upon its verdict, the court received from it a written communication asking the court to give the jury the amount claimed by the plaintiff. The court returned the following answer: Plaintiff claims as follows: " Note, $107. Interest from June 12, 1879. Meat, $6.60. Interest from June 12, 1879. Plaintiff figures the amount at $12, making in all $125.60. The jury can verify the calculation of interest." The defendant's counsel objected to the court's communicating anything whatever to the jury not in the presence of the counsel, and especially objected to the communication sent, and excepted to the course pursued by the trial judge in sending it.

It seems to be well settled in this State that no communication whatever ought to take place between the judge or justice and the jury after the case has been submitted, unless it is in open court, and, where practicable, in the presence of the counsel; that where there has been an infraction of this rule the judgment should be reversed, and that the court will not stop to inquire whether the information given by the judge or justice was material or had any influence upon the verdict of the jury. (*Bunn* v. *Croul*, 10 Johns. 239; *Taylor* v. *Betsford*, 13 id. 487; *Watertown Bank & Loan Co.* v. *Mix*, 51 N. Y. 558; *Valentine* v. *Kelley*, 54 Hun, 78; *Gibbons* v. *Van Alstyne,*

29 N. Y. St. Repr. 461 ; *People* v. *Linzey,* 79 Hun, 23 ; *High* v. *Chick,* 81 id. 100 ; *Seeley* v. *Bisgrove,* 83 id. 293 ; *Wheeler* v. *Sweet,* 137 N. Y. 435 ; *Plunkett* v. *Appleton,* 51 How. Pr. 469 ; *Sargent* v. *Roberts,* 1 Pick. 337.) Applying this rule to the case before us it is quite manifest that the learned county judge erred in communicating with the jury without the consent and under the objection of the defendant, and that the County Court erred in not granting the appellant's motion for a new trial upon that ground.

As the motion for a new trial, so far as this question is concerned, was founded upon an error in fact, the respondent's contention that under section 1002 of the Code of Civil Procedure the motion could not be made unless noticed before the expiration of the time within which an appeal could be taken from the judgment, cannot be sustained. The provisions of that section, so far as applicable here, are : " But where it (a motion for a new trial) is founded upon an allegation of error in a finding of fact or ruling upon the law, made by the judge upon the trial, it cannot be made unless notice therefor be given before the expiration of the time within which an appeal can be taken from the judgment." The motion here was for a new trial, not solely upon the ground of an error in a finding of fact or a ruling by the trial judge, but also for an error *in fact* which was within the knowledge of the court and was contained in the case and exceptions as made and settled.

Without passing upon the question whether, under the circumstances of this case, errors in the finding of fact or rulings upon questions of law, if any, might be determined by us, we are of the opinion that the error of the court in communicating with the jury without the consent of the parties was an error in fact which the appellant had a right to have reviewed, and that for such error the judgment should have been set aside and a new trial granted by the County Court.

It follows that the order appealed from should be reversed, with costs, and that the judgment of the County Court should be set aside and a new trial granted, with costs to abide the event.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order reversed, with costs, and the judgment of the County Court set aside and a new trial granted, with costs to abide the event.