(51 App. Div. 102.)

PEOPLE ex rel. DEAL v. WILLIAMS, Justice of the Peace, et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. WRIT OF PROHIBITION—PURPOSES.

A writ of prohibition is a proper remedy when an inferior court assumes to exercise an unauthorized power, but it is not intended to be a remedy for the correction of errors that may be determined by appeal.

2. CRIMINAL CONTEMPT—PROCEEDINGS BEFORE JUSTICE.

Under Code Civ. Proc. § 2870, subd. 2, providing that a justice of the peace has power to punish, as for criminal contempt, any person guilty of disorderly, contemptuous, or insolent behavior towards such justice during the trial of an action, tending to interrupt the proceedings, a justice can punish one causing a disturbance during trial for a misdemeanor; such provision relating to any judicial proceeding before the justice, and the fact that such offense is indictable not being inconsistent with the summary remedy.

3. SAME—TRANSFER OF PROCEEDINGS TO ANOTHER JUSTICE.

Code Civ. Proc. § 2870, provides that any person guilty of disorderly or insolent conduct towards a justice of the peace during proceedings before him, tending to interrupt the proceedings, may be punished by the justice as for a criminal contempt. Section 3151 provides that on proof that the justice before whom a proceeding is pending is a material witness for defendant, without whose testimony he cannot safely proceed to trial, the justice shall send the case to another justice. Held, that when one who was arraigned before a justice, charged with contempt, presented an affidavit that the justice was a material witness in his behalf, the justice properly refused to transfer the case, since the proceeding is to be entertained before the officer in whose presence, actively or constructively, the offense is committed.

4. SAME—PREJUDICE OF JUSTICE—WRIT OF PROHIBITION.

Code Civ. Proc. § 2870, provides that any person guilty of disorderly or insolent conduct towards a justice of the peace during proceedings before him, tending to interrupt the proceedings, may be punished by the justice as for criminal contempt. Section 3151 provides that, on proof that the justice before whom a proceeding is pending is a material witness for defendant, the justice shall send the case to another justice. Held, that where one arraigned for contempt under section 2870 presented an affidavit in accordance with section 3151, and the justice refused to transfer the cause, affidavits, based on information and belief, to the effect that the justice was prejudiced against defendant, were no ground for the issuance of a writ of prohibition against the justice.

5. SAME—APPEAL.

When relator obtained a writ of prohibition against a justice of the peace, which charged him with costs, he had a right to appeal from the order granting the writ.

Appeal from special term.

Prohibition by the people, on the relation of Frank H. Deal, against Aaron P. Williams, a justice of the peace of the town of Green Island. From an order granting the writ, defendant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

A. P. Williams, pro se,
Frank H. Deal, pro se.

MERWIN, J. The appellant in September, 1899, was a justice of the peace. On the 21st September the case of the people against

Morrison (being a charge of a misdemeanor, under section 117 of the Penal Code) was being tried before him, as a court of special sessions. Upon this trial there was apparently considerable noise or other disturbance, tending to interrupt the proceedings. On the 27th September, upon an affidavit of B. W. Clarkson, a constable, to the effect that during the trial above referred to the relator, being in the court room, committed a criminal contempt, as defined by subdivision 2 of section 2870 of the Code of Civil Procedure, the appellant issued a warrant for the arrest of the relator upon the charge of criminal contempt. Upon this warrant the relator was arraigned, but refused to plead. Instead thereof, he presented an affidavit to the effect that the magistrate was an important witness for him, and without whose testimony he could not safely proceed to trial, and he asked that the case be transferred to some other justice, under section 3151 of the Code of Civil Procedure. This application was denied. The relator was again called upon to plead to the charge of criminal contempt, but he refused to do so, and a plea of not guilty was entered by direction of the court. A witness was sworn, but before any testimony was taken an adjournment was taken to September 29th. During this interval an alternative writ of prohibition was obtained, the hearing upon which occurred on the 14th October, when the order appealed from was made. The appellant was enjoined from proceeding any further in the contempt matter, and was charged with costs.

The grounds upon which the writ was granted do not appear in the writ or orders. It was probably not necessary that they should. Code, § 2094. A writ of prohibition is a proper remedy when an inferior court either entertains a proceeding in which it has no jurisdiction, or when, having jurisdiction, it assumes to exercise an unauthorized power. Appo v. People, 20 N. Y. 531; Thomson v. Tracy, 60 N. Y. 31. It is an extraordinary remedy, and not intended to be a remedy for the correction of errors that may be investigated and determined by an appeal. The proceeding of the appellant was concededly under section 2870 of the Code. The relator claims that this section gives no power to a justice to punish for a contempt occurring in a criminal case, and that therefore the justice had no jurisdiction in the proceeding. It is not claimed that there is any other remedy for contempt in such a case, except such as may be furnished by section 143 of the Penal Code, which declares a contempt of court, in certain cases, to be a misdemeanor. That remedy would in many cases be entirely inadequate to protect the judicial officer, and produce that respect and decorum necessary to the proper administration of justice. The power to act summarily would in many cases be absolutely necessary for the magistrate to possess, in order to enable him to conduct a trial or judicial proceeding decently and in order. The provision in section 2870 is a general one, and relates to conduct towards the justice in any judicial proceeding, and to any disturbance directly tending to interrupt his official proceedings. The power is appurtenant to his office, and to be exercised for the purpose of enforcing respect and orderly conduct in proceedings before him. A similar power is con-

ferred by the Code upon courts of record (section 8), without reference to whether their jurisdiction is civil or criminal. In People v. Forbes, 143 N. Y. 219, 38 N. E. 303, it was held that a proceeding to punish a criminal contempt was not a special proceeding of a criminal nature. The fact that it is indictable is not inconsistent with the summary remedy. People v. Meakim, 133 N. Y. 214, 225, 30 N. E. 828. It does not appear that the relator raised before the justice any question as to his jurisdiction to entertain the proceeding under section 2870. The failure to do this has in some cases been held to be a good ground for refusing a writ of prohibition. 16 Enc. Pl. & Prac. 1128. Passing that question, I am of the opinion that the justice had jurisdiction under section 2870. It cannot be assumed that there was an intention to leave a justice practically powerless to enforce respect and good conduct in proceedings of a criminal character that might come before him.

The relator claims to sustain the writ upon the ground that the justice refused to send the case to another justice, under section 3151 of the Code, upon the ground that the justice himself was a material witness for the relator. That section does not, I think, apply. The case was not one that could be tried before any other justice. The proceeding is only to be entertained, if at all, before the officer in whose presence, actually or constructively, the contempt is committed; and the officer has the right to take into account, in many instances, his own personal knowledge.

It is further urged by the relator that the justice was prejudiced against him, and had before the hearing concluded to find him guilty. The relator's allegations are only on information and belief. No facts are shown by competent proof sufficient to indicate that the justice would not be controlled by the evidence that might appear on the trial. Undoubtedly he intended to prosecute the relator if the facts brought to his knowledge warranted it. The affidavit of the constable presented such facts. The justice, in his return to the alternative writ, says he has no knowledge of the guilt or innocence of the relator, and that if, on the hearing, it shall appear that the charge is erroneous, it will give him great pleasure to say so. In view of the fact that the matter is not triable before any other officer (People v. Board of Police Com'rs, 84 Hun, 64, 32 N. Y. Supp. 18; People v. Common Council of City of Auburn, 85 Hun, 601, 33 N. Y. Supp. 165), and that the relator has the right of review (People v. Forbes, supra), the writ cannot, I think, be sustained on the ground of prejudice.

The proceeding before the justice was not a criminal action. It was not instituted for the punishment of a crime, although criminal in its nature. It was the exercise of a power conferred upon the justice for a particular purpose, in regard to matters occurring in his own presence or hearing. He was necessarily both accuser and judge. People v. Oyer and Terminer, 101 N. Y. 245, 249, 4 N. E. 259. The writ was against him, he was charged with costs, and he had I think a right to appeal. The constable, Clarkson, was not a complainant, as in a criminal action. He was not a party to the proceeding. He made an affidavit of the facts within his knowledge,

but asked for no relief on his own account. No sufficient reason is, I think, apparent for granting the writ.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, and the appellant is authorized to proceed in the matter as if the writ had not been issued. All concur.