PEOPLE ex rel. SPAIN v. COYLE, Commissioner, et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

MUNICIPAL CORPORATIONS—COMMISSIONER OF PUBLIC SAFETY—JURISDICTION—PRIOR MISCONDUCT.

> Where the power and jurisdiction to try charges against members of the fire department, which had been lodged in the board of fire commissioners, were given to the commissioner of public safety, the commissioner had power to try charges for misconduct committed prior to the creation of his office, since the legislature had power to make the change, and expressly provided that the change should not affect liabilities theretofore existing.

Appeal from special term.

Action by the people, on the relation of Edward H. Spain, for a writ of prohibition against Mark J. Coyle, as commissioner of public safety of the city of Troy, and others. From an order refusing the writ (64 N. Y. Supp. 894), relator appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

John T. Norton, for appellant.
Thomas S. Fagan, for respondents.

KELLOGG, J. The relator is a member of the fire department of the city of Troy. Charges of misconduct in office were preferred against him to the commissioner of public safety of that city. The misconduct is alleged to have occurred in November, 1899, and the charges were laid before the commissioner of public safety in March, 1900. To prevent hearing upon these charges by or before the commissioner this writ of prohibition was sought, and denied at special term. The only ground upon which the application for the writ was based is the claim of the relator that the commissioner of public safety has no jurisdiction to hear and determine as to any misconduct occurring prior to January 1, 1900,—the date of the creation of this office, and the transfer to the commissioner of public safety of the powers and jurisdiction in this respect theretofore lodged with and exercised by the board of fire commissioners under the charter of the city of Troy. It is not claimed that the transfer of such jurisdiction is not clear or complete. It is not claimed that the right to hear and determine charges of misconduct occurring prior to January 1, 1900, still remains with the old board of fire commissioners. It is admitted that their powers in this regard were extinguished January 1, 1900, when the act for the government of cities of the second class went into effect. It is not claimed that the new act created any new liabilities or penalties, or abolished any old or existing liabilities or penalties, either in terms or by implication. It is claimed, however, that this change of tribunal for the hearing of charges of misconduct operates as a general amnesty as to all misconduct occurring at any time prior to January 1, 1900, because there is no existing tribunal in which a hearing can be had. I see no good reason in support of this contention. The change of person or persons to hear and determine is competent, and the power to make such change is admittedly in the legislature. It in no way affects the rights of the offender. In

no proper sense can it be claimed that such a change of tribunal for hearing past offenses is retroactive. To be retroactive, it must affect the offense itself, or increase or diminish the liability or penalty. This act does none of these, and is express in its terms against any amnesty for offenses committed prior to the time the act is to take effect. The words of the act are:

"Such repeal shall not affect any right already existing or accrued, or any liability incurred, by reason of any violation of any law heretofore existing."

The order of special term should be affirmed, with $10 costs and disbursements to respondents. All concur.