(57 App. Div. 340.)

PEOPLE ex rel. MILLER v. ELMENDORF, Mayor.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—REVIEW.

    A mayor's decision on proceedings for the dismissal of a police officer from his office will not be reversed on the ground of bias and prejudice of the mayor appearing in the record.

2. SAME—CHARGES—JURISDICTION OF MAYOR.

    Under Laws 1888, c. 212, tit. 4, § 1, defining the powers and duties of the mayor of the city of Ithaca, the mayor is the legally constituted tribunal to hear and determine charges of misconduct of a police officer committed either before or during the mayor's term of office.

    Kellogg and Smith, JJ., dissenting.

Certiorari by the people, on the relation of Hiram H. Miller, against William C. Elmendorf, mayor of the city of Ithaca, to review the proceedings dismissing relator from the office of policeman. After a decision by the supreme court (64 N. Y. Supp. 775) reinstating relator, a reargument was granted. Proceedings of mayor affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

F. E. Tibbetts, for relator.
Edward J. Mone, for respondent.

EDWARDS, J.   The relator was a member of the police force of the city of Ithaca.   Twenty charges of misconduct and neglect of duty were preferred against him in writing, and on a hearing before the mayor, of which the relator had due notice, and at which he was attended by counsel, he was found guilty on nine of the charges, and dismissed from the police force.   Thereafter he instituted this proceeding to review the determination of the mayor.   A contention of the relator's counsel is that the decision should be reversed on the ground of the bias and prejudice of the mayor appearing in the record. A recent decision of this court is adverse to that contention.   People v. Magee (Sup.) 66 N. Y. Supp. 849.   The mayor was the legally constituted tribunal to hear and determine the charges preferred against the relator.   Laws 1888, c. 212, tit. 4, § 1.   In People v. Magee, supra, it was distinctly held by this court that in such a case prejudice does not deprive the tribunal of jurisdiction, and the existence of prejudice is not a fact competent for consideration in the review of a determination.   On this question that authority must be regarded as decisive.

The claim of the relator's counsel that the mayor had no jurisdiction to hear and determine charges of misconduct committed by the relator prior to the commencement of the mayor's term of office is untenable.   People v. Coyle (Sup.) 66 N. Y. Supp. 827.   I have carefully read the evidence relating to the nine charges against the relator which were sustained by the mayor, and am of opinion that it is sufficient to support his determination, and that in the admission or exclusion of evidence there is no reversible error.   The determination of the respondent should be confirmed.   All concur, except KELLOGG and SMITH, JJ., dissenting on the ground that the evidence does not support the findings of the mayor.

Determination of the mayor confirmed, with $50 costs and disbursements.