PEOPLE ex rel. JONES v. SHERMAN. PEOPLE ex rel. MORGAN v. SAME. PEOPLE ex rel. LEWIS v. SAME.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. MUNICIPAL CORPORATIONS — POLICE COMMISSIONERS — REMOVAL — MAYOR'S POWER—WRIT OF PROHIBITION.

Under Laws 1874, c. 314, § 3, providing that the police and fire commissioners of the city of Utica may be removed by the mayor on proof of official or other misconduct, but that such commissioners shall be furnished with a copy of the charges, and an opportunity given for a defense thereof, the mayor had jurisdiction to hear, try, and determine charges of official misconduct against such officials, though the charges were preferred by himself as mayor, and the supreme court could not issue a writ of prohibition against the proceedings.

2. SAME—REMEDY BY APPEAL.

Where an appeal could be taken from the determination of a mayor in proceedings to remove the fire and police commissioners of the city, a writ of prohibition will not lie to prevent the hearing of such proceedings.

3. SAME—EXPIRATION OF COMMISSIONER'S TERM.

A mayor has no authority to hear and determine charges against a fire and police commissioner of the city whose term of office has expired and whose successor has entered on the discharge of his duties before the time of the hearing, and a writ of prohibition is properly issued to prevent the same.

Appeal from special term, Oneida county.

Consolidated proceedings by the people, on the relation of Frank L. Jones, John E. Morgan, and William E. Lewis, against Richard W. Sherman individually and as mayor of the city of Utica. From orders directing the issuance of a writ of prohibition against the defendant, he appeals. The order granted William E. Lewis affirmed, and to the others reversed.

Appeals from three orders, one made in each of the above entitled proceedings at a special term of the supreme court held in the city of Rome, N. Y., on the 1st day of June, 1901, entered in the office of the clerk of Oneida county on the 14th day of June, 1901, directing that a writ of prohibition issue restraining the defendant from hearing, trying, and determining charges of misconduct in office preferred by him against the relators as police and fire commissioners of the city of Utica, and directing that the defendant pay the sum of $50 costs in each proceeding. Also the appellant in each of said proceedings brings up for review three orders directing that an alternative writ of prohibition issue in each proceeding, made at an adjourned special term held in and for said county on the 15th day of April, 1901, and entered in the office of the clerk of said county on the 22d day of April, 1901.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

Edward Lewis, for appellant.
Fred G. Fincke, for respondent Frank L. Jones.
Thomas S. Jones, for respondent John E. Morgan.
Thomas D. Watkins, for respondent William E. Lewis.

McLENNAN, J.　The defendant, Richard W. Sherman, as mayor of the city of Utica, preferred charges of official misconduct against each of the respondents as police and fire commissioners of the city of Utica, and on the 9th day of April, 1901, they were each served with a copy of said charges, and with a notice requiring each of them to show cause before said Richard W. Sherman, as mayor of the city of Utica, on the 19th day of April, 1901, at 10 o'clock a. m. of that day, and to answer said charges, at which time they were notified a hearing would be had, and testimony taken in relation thereto, before the defendant, as such mayor.　Thereafter, and on the 15th day of April, 1901, each of the respondents presented his petition duly verified to the supreme court, in which he denied the charges of official misconduct, and alleged that the charges were made in bad faith, and from improper motives; that the defendant was prejudiced against the relators, was himself the accuser, and for that reason was without jurisdiction to hear, try, and determine the charges, and that a fair trial could not be had before him; and each of said respondents asked that a writ issue out of the supreme court prohibiting the defendant, either individually or as mayor, from hearing said charges or taking evidence in respect thereto, and from doing any other act or thing in the premises.　Upon such petition being presented to a justice of the supreme court, an alternative writ of prohibition was issued without notice to the defendant, directing him to show cause at a special term appointed to be held on the 4th day of May, 1901, why said writ should not be made absolute.　Such alternative writ, together with the petitions and a notice of hearing, was duly served upon the mayor.　Thereafter, and on said 4th day of May, 1901, the defendant individually and as mayor of the city of Utica filed his answers to said petitions, in which he alleged, in substance, that the supreme court was without jurisdiction to issue either an alternative or absolute writ of prohibition in the premises; that he, as mayor, had exclusive jurisdiction over the parties to and the subject-matter of the proceedings affected by said writ, and that he was proceeding therein according to law.　Thereafter, and on said 1st day of June, 1901, the proceedings having been adjourned to a special term held on that day by consent of parties, the matter came on to be heard, and after reading and filing the petitions, the alternative writ and answer in each proceeding, and after hearing counsel for the respective parties, the orders appealed from were made and duly entered as before stated.

The principal question presented by this appeal, and the only one which need be considered so far as the respondents Jones and Morgan are concerned, is whether or not the supreme court had juris-

diction to grant the orders appealed from. The answer to such question must depend upon the answer made to another question, to wit, did the defendant, as mayor, have jurisdiction to hear, try, and determine the charges preferred against the relators? It is elementary that the sole office of a writ of prohibition is to prevent a tribunal having judicial powers from taking cognizance of matters not within its jurisdiction, or from exceeding its jurisdiction in regard to such matters. Appo v. People, 20 N. Y. 531; Thomson v. Tracy, 60 N. Y. 31; People v. Doyle, 28 Misc. Rep. 411, 59 N. Y. Supp. 959, affirmed in 162 N. Y. 659, 57 N. E. 1122. It is equally well settled that the only question which may properly be considered upon an application for a writ of prohibition is whether or not the tribunal whose acts it is sought to restrain has jurisdiction to do or perform the act or thing complained of. People v. Nichols, 79 N. Y. 582; Thomson v. Tracy, supra; People v. Petty, 32 Hun, 443. In the case last cited, which was an appeal from an order denying a motion for a writ of prohibition, the court said:

"There is really but one question presented, and that is the question of the jurisdiction of the officers; for, if it was a properly constituted court, the court had jurisdiction of the subject-matter, and whether the receiver was a creditor within the meaning of the statute (Code, § 2726) would fall among questions to be determined by appeal, and not by the writ of prohibition. So, likewise, the sufficiency of the service of the papers would not be the subject of review by this writ."

See, also, People v. Surrogate's Court of Putnam Co., 36 Hun, 218.

In People v. Williams, 51 App. Div. 102, 64 N. Y. Supp. 457, the court said:

"A writ of prohibition is a proper remedy when an inferior court either entertains a proceeding in which it has no jurisdiction, or when, having jurisdiction, it assumes to exercise an unauthorized power. Appo v. People, 20 N. Y. 531; Thomson v. Tracy, 60 N. Y. 31. It is an extraordinary remedy, and not intended to be a remedy for the correction of errors that may be investigated and determined by an appeal."

Did the defendant, as mayor of the city of Utica, have jurisdiction to hear, try, and determine the charges preferred by him against the relators? The board of police and fire commissioners of the city of Utica was created by virtue of chapter 314 of the Laws of 1874. Section 3 of the chapter provides, among other things:

"The said commissioners may be removed by the mayor of said city upon proof, for official or other misconduct, but not otherwise. Such commissioners shall be furnished with a copy of the charges preferred, and an opportunity given for a defense thereof."

There is no other provision of law by which the police and fire commissioners of the city of Utica can be removed from office. The contention on the part of the respondents is that in the case at bar the defendant did not have jurisdiction to act under the provisions of the statute, because of the fact that he himself preferred the charges against the relators; in other words, because of the fact that the defendant was accuser and judge at the same time. If the objection to the defendant's jurisdiction is valid, then it would be impossible to remove members of the police or fire board of the city of Utica, no matter how guilty of official misconduct they might be, if such misconduct was only within the knowledge of the mayor,

unless he should be able to procure some one else to prefer the charges covering the acts which were alone within his personal knowledge. If another person should be persuaded to prefer charges under such circumstances, it will be seen that it would be little better than a subterfuge, because the acts complained of would still be within the knowledge of the mayor, and might be potential with him in reaching a conclusion as to the validity of the charges. We are of the opinion that under the statute, if the defendant, as mayor of the city of Utica, had personal information that the relators were guilty of official misconduct, it was his duty to prefer charges as provided by the statute, giving, however, the persons accused opportunity to be heard, also as required by the statute. Jurisdiction in such cases is a matter of necessity, and is recognized by the authorities as necessary in such cases to prevent injustice, and possibly the retention in office of unworthy officials. Under those circumstances the maxim of the law invoked by the able counsel for the respondents, that a person's accuser shall not be at the same time his judge, does not apply. The exception has been repeatedly recognized in cases of this kind by the courts of this state. In People v. Mayor, etc., of City of New York, 19 Hun, 442, the mayor of the city of New York preferred charges against Nichols, then a police commissioner of the city, and removed him from office. While the finding of the mayor was reversed for the reason that evidence was taken not in the presence of the accused, the jurisdiction of the mayor to act was conceded. The same principle was followed in People v. Common Council of Auburn, 85 Hun, 601, 33 N. Y. Supp. 165. It was competent for the legislature to clothe the defendant, as mayor, with power to remove the commissioners without hearing and without trial, and by the charters of several of the cities of the state the mayors for a long time possessed and exercised such power. If such power could be legally exercised, it would seem that the jurisdiction to act would not be taken away simply because the accused was given the right to be heard by the mayor before final action was taken by him. In many cases which might be referred to it is essential to the proper administration of justice that the accuser and judge should be one and the same person. In case of contempt committed by a person in open court, the presiding judge makes the accusation, hears the explanation of the accused, and the evidence, if any, offered by him. He then determines the question of guilt, and excuses or punishes, as the exigencies of the case may require. Precisely that case was considered in People v. Williams, supra. A justice of the peace attempted to punish a contempt committed upon the trial of a criminal case at which he was presiding. A writ of prohibition was obtained, preventing the justice from proceeding in the matter upon the ground that he was prejudiced, upon the ground relied upon by the respondents here,—that at the same time the justice could not be accuser and judge; and the learned judge who wrote the opinion in that case said:

"The proceeding before the justice was not a criminal action. It was not instituted for the punishment of a crime, although criminal in its nature.

72 N.Y.S.—46

It was the exercise of a power conferred upon the justice for a particular purpose in regard to matters occurring in his own presence or hearing. He was necessarily both accuser and judge."

It was held that the writ of prohibition in that case was improperly granted. It was also held in the same case that the writ could not be sustained on the ground of the prejudice of the justice.

In the case of People v. McGee, 55 App. Div. 195, 66 N. Y. Supp. 849, which was a proceeding to remove the relator from the office of janitor, the court said:

"At the threshold of the argument the jurisdiction of the police commissioner is challenged by reason of his prejudice. * * * By the statute the police commissioner was the only tribunal authorized to try charges against the relator. Whatever may be his prejudice, therefore, his jurisdiction is undoubted, for otherwise the relator could not be removed, however flagrant his offenses."

The same question was again considered in People v. Elmendorf, 57 App. Div. 340, 68 N. Y. Supp. 54, and the same doctrine reiterated; the court saying:

"The mayor was the legally constituted tribunal to hear and determine the charges preferred against the relator. In People v. McGee it was distinctly held by this court that in such cases prejudice does not deprive the tribunal of jurisdiction, and the existence of prejudice is not a fact competent for consideration in a review of the determination. On this question that authority must be regarded as decisive."

The case of People v. Board of Trustees of Village of Saratoga Springs, 4 App. Div. 399, 39 N. Y. Supp. 607, we think does not sustain respondents' contention. In that case it is pointed out that it was not necessary that the trustee who preferred the charges against the relator should be a member of the court which tried the charges, that a full investigation and determination of the matter could have been had without his acting as a member of the court, and therefore that the law of necessity did not apply. The conclusion is reached that the defendant, as mayor of the city of Utica, had jurisdiction to hear, try, and determine the charges of official misconduct against the relators, notwithstanding such charges were preferred by him as such mayor; and that the supreme court was without jurisdiction to issue a writ of prohibition in the premises. It may also be said that the action of the mayor in investigating and determining as to the truth of the charges preferred against the relators could be reviewed upon appeal, and for that reason the writs were improperly granted.

In People v. Nichols, 79 N. Y. 591, the court said:

"It is well settled that, where a remedy by appeal or otherwise may be had to correct an error of law or practice, the writ of prohibition will not lie. In such case the inferior court or tribunal of limited jurisdiction can be set right by appeal only."

In People v. Williams, supra, the court said:

"In view of the fact that the matter is not triable before any other officer, and that the relator has the right of review, the writ cannot be sustained on the ground of prejudice."

The conclusion is reached that in the two proceedings in which Frank L. Jones and John E. Morgan are relators, respectively, the

orders appealed from should be reversed, with $10 costs and disbursements to the appellant in each case.

In the proceeding in which the respondent William E. Lewis is the relator, in addition to the facts which appear in the other cases, it appears that on the 1st day of June, 1901, when the final hearing in said proceeding was had, and before the order therein had been made, said Lewis filed with the court, all parties to the proceedings being present, his affidavit, in which he stated that his term of office as police and fire commissioner of the city of Utica expired on the last day of April, 1901, at which time he ceased to be a police and fire commissioner, and that his successor had entered upon the discharge of his duties on the 1st day of May, 1901, and was then engaged in the discharge of his duties as such police and fire commissioner. It also appeared by said affidavit that the appellant threatened to try the relator William E. Lewis upon the charges preferred against him, notwithstanding his term of office had expired a month before that time, and the facts stated in such affidavit were in no manner controverted by the appellant. We are of the opinion that at the time the writ of prohibition was granted in the proceeding in which William E. Lewis is relator, his term of office as police and fire commissioner having expired, and his successor having duly entered upon the discharge of his duties as such commissioner, the defendant had no jurisdiction to hear, try, and determine the charges which had been preferred against the relator in that proceeding, and that, therefore, the writ of prohibition in that case was properly grantc' for that reason, and soley upon that ground the order appealed from in that proceeding should be affirmed, with costs.

The orders appealed from in the first two above entitled proceedings are reversed, with $10 costs and disbursements to the appellant in each proceeding. The orders appealed from in the last above entitled proceeding are affirmed, with $10 costs and disbursements. All concur.