## PEOPLE v. SOLOMAN.

### (St. Lawrence County Court. December 2, 1907.)

1. DRUNKARDS—INTOXICATION IN PUBLIC PLACE—EVIDENCE OF GOOD CHARAC-
TER.

    One tried for being intoxicated in a public place may prove that his character is good.

2. CRIMINAL LAW—COMPLAINING WITNESS' DECLARATIONS—ADMISSIBILITY.

    In a trial for intoxication in a public place, statements made to the arresting officer by the complaining witness not in defendant's presence are inadmissible against defendant.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 950.]

3. SAME—INDIANS—PROSECUTION—RULES OF EVIDENCE.

    That one tried for intoxication in a public place was an Indian required the court to be more careful than usual to observe the rules of evidence, since the jury may have been prejudiced against him on account of his race.

4. CRIMINAL LAW—APPEAL—RECORD—SUFFICIENCY.

    Since the verdict of a jury and a judgment of a court of limited juris-diction may not be disregarded until prejudicial error is shown, and since Code Cr. Proc. § 756, requires a court rendering judgment to make return on appeal of all the matters stated in the affidavit, and section 763 re-quires the appeal to be heard on the original return, an appeal from a con-viction will be dismissed, where the record embraces no certificate by the trial justice, no statement that the evidence returned is the evidence in the case, no statement that there were not other proceedings or evidence, and no explanation why the purported original and two copies of the tes-timony were returned, nor as to who makes the return.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2897.]

Appeal from Court of Special Sessions of Town of Massena.

Louis Soloman was convicted of being intoxicated in a public place, and he appeals. Appeal dismissed, unless appellant applies for an amended return.

H. B. Chase, for appellant.

C. S. Ferris, Dist. Atty., for the People.

HALE, J. By section 756 of the Code of Criminal Procedure the court rendering judgment must make a return to all the matters stated in the affidavit. By section 763 the appeal is required to be heard upon the original return. The papers produced before me consist of an information, which seems to have been made after the arrest; the original venire; some undecipherable, but quite likely original, minutes of testimony, written down one side and up the other on several sheets of paper, so fastened together that the contents at the ends of the sheets, if legible, cannot be got at; a typewritten copy of what is probably the minutes of testimony; appellant's undertak-ing to abide the determination of the County Court upon the appeal; the affidavit by appellant's attorney on which the appeal was allowed; and a carbon copy of the copy of the testimony above referred to. From the beginning to the end of the papers is no statement that the defendant was informed as to the charge preferred against him or

as to any of his rights to counsel, witnesses, etc., nor that he pleaded not guilty or otherwise—in short, no certificate whatever by the justice holding the court, no statement that the evidence returned is the evidence in the case, no statement that there were not other proceedings and other evidence, and no explanation why it was necessary to return the original and two copies of the testimony (assuming that they are the original and copies thereof), nor as to who makes the return.

It would appear that several errors were committed upon the trial, if it be assumed that the evidence is before me. Nothing can be clearer than that the defendant was entitled to prove that his character is good. It is equally clear that statements made by the complaining witness to the officer and others, not in the presence of the defendant, ought not to have been received in evidence. The fact that the defendant was an Indian ought to have made the court even more careful than usual to observe the rules of evidence, because it may very well be that the jury entertained a prejudice against the defendant on account of his race.

It is not clear how the officer was authorized to make the arrest without a warrant. It would seem that defendant was in bed at a private house at the time the officer came to arrest him. That he was disorderly or creating any disturbance when the officer arrived on the scene is not shown, but it seems that the defendant was ejected from the house into the street. It appears with sufficient clearness that he was in fact intoxicated when he got into the street; but it is questionable procedure, to say the least, to take an intoxicated person, who has gone to bed and is quiet, and put him into the street in order to arrest him for intoxication in a public place without a warrant. It seems to have been an imitation of the practice of the legendary doctor, who, when he did not know how to treat his patient, threw him into fits and treated him for fits.

But it is my understanding that the verdict of a jury and the judgment of a court, even of limited and inferior jurisdiction, cannot be disregarded until it is made to appear that some prejudicial error has been committed. Nothing which the law can regard as a record showing error appears in this case, and the appeal is therefore dismissed, unless appellant applies for an amended return within 10 days.