## OTSEGO COUNTY COURT,

### July 8, 1913.

# THE PEOPLE v. DOW M. SOULE.

### (142 Supp. 876.)

(1.) APPEAL—RETURN—AFFIDAVITS.

Code Cr. Proc. § 749, provides that a conviction by a Court of Special Sessions may be reviewed by the County Court only by appeal taken as provided in that title. Section 751 requires the defendant to present an affidavit showing the alleged errors complained of. Section 756 provides that the magistrate of the court rendering judgment shall make a return of all matters stated in the affidavit, and file such return, and section 763 provides that the appeal must be heard upon the original return, and sections 757 and 758 provide for compelling such return. *Held*, that where a return has been made by the justice, and no further return has been required, the court in its determination of the appeal is confined to it, and cannot consider the affidavits, and that affidavits in support of alleged error in fact could not be read when they related to any matter within the knowledge of the justice.

(2.) DRUNKARDS (§ 11)—CRIMINAL PROSECUTION—QUESTION FOR JURY.

In a prosecution for intoxication in a public place, where six witnesses testified that defendant was intoxicated when arrested, was using disorderly and threatening language, and where no defense was offered the question of intoxication was one of fact for the jury.

(3.) CRIMINAL LAW (§ 1159)—APPEAL—QUESTION OF FACT—CONCLUSIVENESS OF VERDICT.

The rules of evidence in civil cases are applicable also to criminal cases, except that in criminal cases the jury is the exclusive judge of all questions of fact.

(4.) CRIMINAL LAW (§ 655)—CONDUCT OF TRIAL—POWER OF COURT.

Under Code Civ. Proc. § 2870, providing that a justice of the

peace may maintain order in his court and punish a disturbance of court, the justice of the Court of Special Sessions into which one came during trial in an apparently intoxicated and dazed condition and started to address the justice properly ordered him to sit down.

(5.) CRIMINAL LAW (§ 864)—TRIAL—READING EVIDENCE TO JURY.

Where the jury, after retiring, notified the justice that they wished to see him, and were brought into open court, and on a question by a juror as to whether any of the witnesses testified positively that defendant was intoxicated, the justice, in the presence of the jury, the defendant, and the attorney for the people, read uncontradicted testimony from the record, without comment and without objection by defendant, the reading of such evidence was not improper.

(6.) EXAMINATION—RECALL OF WITNESSES.

It is within the discretion of the court to recall a witness, that he may repeat testimony as to which the jury were in doubt, or to allow new evidence to be taken on a question of fact on which they are in doubt.

(7.) APPEAL—JUDGMENT OF COUNTY COURT..

Under the express provisions of Code Cr. Proc. § 764, the County Court on appeal from the Court of Special Sessions must give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant.

(8.) DRUNKARDS (§ 10)—OFFENSES—" PUBLIC PLACE."

Under Penal Law (Consol. Laws 1909, c. 40) § 1221, declaring that any person intoxicated in a public place is guilty of a misdemeanor, a " public place " does not mean a place devoted solely to the use of the public, but a place which is in fact a public, as distinguished from a private, a place which is visited by many persons, and is usually accessible to the neighboring public, and a hotel, its porches, and verandas and the street adjoining it are public places.

APPEAL from Court of Special Sessions.

Dow M. SOULE was convicted of intoxication in a public place, and he appeals.   Affirmed.

*E. R. Campbell,* of Schenevus, for appellant.

*James P. Friery*, of Schenevus, for the People.

A. L. KELLOGG, J.   This is an appeal by the defendant, Dow M. Soule, from a judgment of the Court of Special Sessions held in and for the town of Maryland, in this county, entered on the 28th day of May, 1913, upon the verdict of a jury convicting the defendant of the crime of intoxication in a public place.

It was urged in behalf of the appellant upon the argument that this court should consider affidavits setting forth facts tending to contradict or impeach the return of the justice on this appeal.   Section 749 of the Code of Criminal Procedure provides:

That "a judgment upon conviction, rendered by a Court of Special Sessions, * * * may be reviewed by the County Court of the county, upon an appeal as prescribed by this title, and not otherwise."

Section 751 provides that the defendant must present an affidavit showing, among other things, the alleged errors in the proceedings of conviction or commitment complained of.

Section 756 provides:

"That the magistrate or court rendering the judgment must make a return to all the matters stated in the affidavit, and must cause the affidavit and return to be filed," etc.

Sections 757 and 758 provide for compelling such return to be made by the justice, and ordering and compelling a further or amended return.

Section 763 provides:

That "the appeal must be heard upon the original return."

It is clear, therefore, from the language of the sections above mentioned, that where a return has been made by the justice, pursuant to the provisions of section 756, and no further or

amended return has been required under section 757, affidavits cannot be considered, and the court is necessarily confined to the return in the consideration and determination of the appeal. People v. Hildebrandt, 16 Misc. Rep. 196, 38 N. Y. Supp. 958; People v. Soloman, 57 Misc. Rep. 288, 106 N. Y. Supp. 1110. On appeal, affidavits in support of alleged error in fact cannot be read when they relate to any matter within the knowledge of the justice. The facts must appear by the return. Vallen v. McGuire, 49 Hun, 594, 2 N. Y. Supp. 381; Gibbons v. Van Alstyne, 9 N. Y. Supp. 156.[1]

It is contended here that the evidence given on the trial was not sufficient to convict the defendant of the crime of public intoxication charged in the information.

Six witnesses testified that the defendant was intoxicated at the time of his arrest, and that he was using disorderly and threatening language. No defense whatsoever was offered. The defendant himself did not take the stand as a witness to deny that he was intoxicated as charged. It is true he was not was one of fact for the jury to determine, and their finding is conclusive. The rules of evidence in civil cases are applicable also to criminal cases, except that in criminal cases the jurors are exclusive judges of all questions of fact. People v. Tuczkewitz, 149 N. Y. 252, 43 N. E. 548.

It is urged that the people's witnesses were not interrogated as regards the usual symptoms of intoxication. No reason appears in the record why the witnesses who testified in behalf of the people may not have been cross-examined. The defendant, as he had the right to do, apparently elected to appear in his own behalf, but at no step in the proceedings did he attempt to test the witnesses as to their knowledge of the question of his intoxication.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun 639.

It is claimed that error was committed, in that a material and necessary witness for the defendant entered the courtroom and asked permission of the justice to speak to the defendant, and that such permission was refused. The justice has returned fully the facts connected with this incident, and, as so returned, shows that one James Brady came into the room where court was being held, and while the trial was in progress, apparently in an intoxicated and dazed condition, that he started to address the justice, and was told to sit down. The justice says he did not hear him make any request to speak to the defendant, or to any other person, nor does it appear in the return that Brady was a witness for or that he had been subpœnaed as a witness in behalf of the defendant, or that he had the slightest connection with the trial except as a spectator. It does not appear here that the defendant requested to speak to Brady or make any other request which was not granted. It is not apparent that the justice did anything except that which he was called upon to do to insure a proper and orderly progress of the proceedings then being had before him. The Legislature has surrounded the Courts of Special Session and other Courts of Justices of the Peace with every protection for the proper conduct of proceedings before them. Section 2870 of the Code of Civil Procedure provides that a justice of the peace has power to punish in a proper manner a disturbance of a court of anything which tends to interrupt his official proceedings, and to maintain order. People v. Williams, 51 App. Div. 102, 64 N. Y. Supp. 457.

It is also argued in behalf of the appellant that it was error calling for reversal, or for a new trial, by reason of the fact that while the jury were deliberating they returned to the courtroom, and one of their number inquired of the justice if any of the witnesses had testified that the defendant was intoxicated, and that the justice, without the consent of the de-

fendant, and not in his hearing, read a portion of the testimony from his minutes to the jury. The return of the justice is, on the contrary, that the jury sent word to the justice that they wanted to see him; that he then ordered the officer in charge to bring the jury in open court. The jury returned to the court-room, and one juror said he desired to know if any of the witnesses swore positively that the defendant was intoxicated; that he thereupon read without objection from the record in the presence of all the jurors, the defendant, and the attorney for the people the testimony of the first two witnesses, at which point the inquiring jurors said that he need not read any more, and that the jurors then returned to their room. There was no other way for the jury to obtain the information on the point requested in a Court of Special Sessions, and the jurors were entitled to it. It was read to them by the justice without comment on his part, and without objection from the defendant. The evidence so read was uncontradicted. It was not error for the justice to read the evidence he did to the jury without comment; the defendant being present and making no objection thereto. Hancock v. Salmon, 8 Barb. 564; Whitney v. Crim. 1 Hill, 61.

It is within the discretion of the court to recall a witness that he may repeat testimony as to which the jury were in doubt, or to allow new evidence to be taken on a question of fact on which they are in doubt. Commonwealth v. Ricketson, 5 Metc. (Mass.) 412; Tarver v. State, 43 Tex. 564; Abbott's Trial Brief Cr. 713. This is especially so, if the parties consent. Brown v. Cowell, 12 Johns. 384; Keeler v. Lockwood, Lalor's Supp. 137.

It is provided by section 764 of the Code of Criminal Procedure that, after allowing the appeal, the court must give judgment without regard to technical errors or defects, which have not prejudiced the substantial rights of the defendant.

This section makes it the duty of the County Court in reviewing the judgment of a Court of Special Sessions to give judgment in accordance with this statute. People v. Upton, 9 N. Y. Supp. 684.[2]

After a most careful review of the proceedings had before the justice as presented by the return, I am not able to find error which has prejudiced the defendant in such a manner as to call for a reversal of this judgment.

It is further urged that, even though there was sufficient evidence to go to the jury upon the question of defendant's intoxication, there is no evidence from which the jury were justified in finding that he was in a public place when arrested, and that the authorities are wanting as to what may be defined as a public place for a violation of section 1221 of the Penal Law. The return states that the defendant came outside of Hotel Siver, talked loud and boisterous, and used profane language. The defendant being intoxicated in a place where the public had a right to go and be at the time of his arrest was in a public place. A public place does not mean a place devoted solely to the uses of the public, but it means a place which is in point of fact public, as distinguished from private, a place that is visited by many persons and usually accessible to the neighboring public. State v. Welch, 88 Ind. 308; Gomprecht v. State, 36 Tex. Cr. R. 434, 37 S. W. 734. A hotel is prima facie a public place. Hoitt v. Burnham, 61 N. H. 620; Wortham v. Commonwealth, 26 Va. 669; 6 Words and Phrases, 4806. The porches and veranda of a hotel and the street adjoining are public places within the meaning of the statute. There were two propositions which it was incumbent upon the people to establish to the satisfaction of the jury beyond a reasonable doubt, to wit, that the defendant was intoxicated, and

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 55 Hun, 612.

that he, being so intoxicated, was in a public place at the time. The evidence upon both of those propositions being uncontradicted, and the jury having rendered a verdict of guilty, nothing appears in the record why such finding should be disturbed. It is fundamental that questions of law are for the court, and all questions of fact are for the jury.

For the reasons stated, the judgment of conviction of the defendant should be affirmed.

Judgment of conviction affirmed.