THAYER *against* VAN VLEET.

⊖N *certiorari*, from a justice's court.

*Van Vleet* brought an action of debt against *Thayer*, before the justice, for having an execution, as a constable, in favour of the plaintiff against one *John Ralye*, and neglecting to execute it, according to law. The defendant pleaded *nil debet;* and exhibited a receipt from the plaintiff for two beds and bedding, two chests, a pair of horses, and a table, received of the defendant, as constable, and to be accounted for on demand.

At the trial before a jury, the parties exhibited their proofs, and the demand appeared to have been sufficiently supported. After the jury had retired, they sent for the justice, who went to the room where the jury were sitting; and one of the jury asked him, whether they

NEW-YORK, Nov. 1809.

THAYER v. VAN VLEET.

Where a cause in a justice's court had been tried before a jury, and the jury having retired to deliberate on a verdict, sent for the justice, and asked him whether they could add any thing to the plaintiff's demand, and the justice answered no; without any thing further being said, this was held not to be a sufficient irregularity to set aside the verdict.

NEW-YORK,
Nov. 1809.

LYTLE
v.
LEE and RUG-
GLES.

could add any thing to the charge of the plaintiff, and the justice answered " no," and left them without any further being said. The jury found a verdict for the plaintiff for 14 dollars.

The case was submitted to the court, without argument.

*Per Curiam.* The evidence was sufficient to justify the verdict ; and the fact of the justice going to the jury and answering the question of law put to him, is not an irregularity for which the verdict ought to be set aside. There was in this case no semblance of abuse ; and the consent of the parties may be inferred.

Judgment affirmed.