HENLOW *against* LEONARD.

IN error, on *certiorari*, from a justice's court.

*Leonard* brought an action of *assumpsit* against *Henlow*, before a justice of the peace. The defendant, after issue joined, demanded a trial by jury; and after the jury had retired to consider on a verdict, they sent the officer to the justice requesting that one of the witnesses who had been sworn in the cause might be sent to them, or that they might come before the justice, for the purpose of asking the witness some further questions. The justice asked the plaintiff and defendant if they would go with him to the jury, or have the jury sent for into court, to be satisfied by the further examination of the witness. The defendant said he would have no more to do with the suit; and the justice told the plaintiff it would be proper that the jury should question the witness, and accordingly permitted the witness to go into the room where the jury were sitting, and the justice stood at the door until the jury had examined the witness, and then retired with the witness. The jury, after some time, came into court, and found a verdict for 4 dollars and 89 cents, in favour of the plaintiff, and the defendant in open court declared himself satisfied with the verdict; and the justice gave judgment on the verdict.

*Per Curiam.* There is no question in this case as to the justice and merits of the verdict. The plaintiff in error contends that there was an irregularity in the justice's going with the witness to the jury, at their request. But as this appears to have been done openly, after notice to the parties, and as we may fairly presume, in their presence, there was no ground of complaint. The case of *Thayer* v. *Van Vleet*, (5 *Johns. Rep.* 111.) bears strongly on this point. We are of opinion that the judgment ought to be affirmed.

Judgment affirmed.

Where a cause before a justice was tried by a jury, and after the jury had retired to deliberate on their verdict, they sent to the justice, requesting that a witness who had been previously sworn in the cause, might be sent to them, or that they might come into court, in order to ask the witness some questions, and the justice asked the parties if they would go to the jury, that the witness might be examined, and the defendant refused; and the justice permitted the witness to go into the jury-room, and stood at the door while he was examined, and then retired with the witness; and the jury afterwards came into court and found a verdict for the plaintiff; this was held not to be a sufficient irregularity to set aside the verdict.