## GEORGE A. BUCKINGHAM and another *v.* THOMAS OLIVER.

Where A. and B. were jointly and severally liable to C. for the sum of two hundred dollars; *held*, that a receipt signed by C., acknowledging the payment by A. of one hundred dollars, " in full of his obligation," did not operate to release or discharge *either* of the joint obligors.

Where a creditor, in consideration of part payment, gives to one of two joint debtors an instrument intended as a separate discharge of him, but which operates to release both; *quere*, whether such joint debtor, by informing his co-debtor that such is in fact the effect of the instrument, violates a stipulation— given by him as a condition of the discharge—to aid, in every way within his power, the collection of the balance from such co-debtor?

THIS cause came before the court on the plaintiffs' appeal from a judgment of the Marine Court in favor of the defendant. The facts appear in the opinion.

*Benjamin M. Stilwell* and *S. E. Swain*, for the plaintiffs.

*Edward P. Clark* and *Augustus Cornwall*, for the defendant.

BY THE COURT. WOODRUFF, J.—The agreement executed by William Mott and the defendant Oliver to the plaintiffs, was a joint and several absolute guaranty for the payment of two hundred dollars for goods to be sold to John Mott by the plaintiffs.

The evidence showed beyond contradiction, and without question or denial, that on the 14th day of March, 1853, two hundred dollars were due to the plaintiffs for goods so sold.

The instrument relied upon by the defendant as a discharge of liability, recites the fact that Oliver and William Mott were bound to the plaintiffs for the payment of that sum under the said guaranty.

On the last named day the plaintiffs executed a receipt, not under seal, to the defendant, upon his payment of one hundred dollars, acknowledging their acceptance of that sum " in full of his obligation," under a stipulation that he, Oliver, " is to aid in every way in his power to obtain the balance of the said two hundred dollars from his co-guarantor and said John Mott."

It was distinctly proved that after obtaining such receipt, the defendant Oliver " told his coöbligor that he had compromised the affair with the plaintiffs for one hundred dollars, and that he (the coöbligor, William Mott) was no longer liable " on the guaranty.

Notwithstanding this receipt, the plaintiffs brought the present action to recover the balance from Oliver; and the court below have rendered judgment for the defendant. The precise grounds upon which such judgment was given do not appear, but it was probably founded on the idea that by such receipt the defendant was released or discharged from liability.

It is insisted that upon the facts plainly proved, such receipt had no such legal effect, because an admitted obligation to pay two hundred dollars, then due and payable, cannot be discharged by the payment of a less sum, although it be in terms " received in full "—and secondly, that the defendant violated the stipulation which was the condition of such receipt, by stimulating his coöbligor, William Mott, to resist the payment of the balance, by representing to him that he was no longer liable, whereas it was a condition of the receipt that the defendant should aid in the collection of the balance " in every way in his power."

If it was true that the receipt referred to did, in fact, operate to discharge the coöbligor, William Mott, I should feel reluc-

tant to say that the defendant violated the stipulation by telling him the truth. An agreement to aid in the collection of the balance, could hardly be deemed to be a legal obligation to conceal the truth and take advantage, or suffer the plaintiff to take advantage, of Mott's ignorance of what had been done between the defendant and the plaintiffs.

But I apprehend the representation was not true. Where two are bound jointly and severally, a receipt in full given to one on his payment of one half, is no release of the other. So it is distinctly held in *Harrison* v. *Close et al.*, 2 Johns. R. 447; and see also 7 Johns. 200.

But without resting the decision of the appeal upon the ground that the defendant violated the condition of the receipt, I feel bound to say that the receipt did not operate to discharge either of the obligors. It does not appear that the defendant did anything, or bound himself to do anything, as the consideration of his own discharge, except only by the payment of the one hundred dollars.

And the acceptance of a less cannot be a satisfaction in law of a greater sum, nor operate as an extinguishment of the original cause of action, although a receipt be given acknowledging the payment to be "in full of all demands from the beginning of the world to that day" (see *Fitch* v. *Sutton*, 5 East, 230); and it was upon this principle that the cases above referred to were decided, for it was conceded that a release of one would discharge both. In the first case (2 Johns. 447), the action was sustained against both of the defendants on a joint and several note, notwithstanding an acceptance of a part of the amount from one defendant under an agreement not to call upon him further. (See also a discussion of the subject in 5 Johns. 386, and *Le Page* v. *McCrea*, 1 Wend. 164.)

I am therefore of opinion that the plaintiffs were entitled to recover, and that the judgment must therefore be reversed with costs.

Judgment reversed.