Speir, J.
The action was brought to recover damages for malicious prosecution and false imprisonment. 'I'lte complaint claimed five thousand dollars. The motion to set aside the verdict was made solely on the *309 affidavit of one of the defendants, Anna M. Jackson, that after the jury had been charged, and had retired to their rooms for deliberation, they sent a communication to the judge, inquiring if the jury could find a verdict for the plaintiff in the sum of fifteen thousand dollars or twenty-five thousand dollars; that the justice communicated his answer to the jury, and that the communication and answer were without the consent or knowledge of the counsel or parties in the action. The affidavit does not state what the answer was which the judge returned to the jury.
A preliminary question is raised by appellant’s counsel, that the defendant does not state the source of her information, or that she had or could have from the nature of the case, any personal knowledge of what transpired after the jury retired. That the inference, in the absence of any statement showing how she obtained her knowledge, was that it was derived from some third party, and that the verdict of the jury, solemnly and deliberately rendered, should not be set. aside by, or upon a mere hearsay affidavit.
If the information was obtained from any of the jury, or from some third person to whom it had been revealed, and the fact so stated, it is, I think, pretty clear that the court would not have entertained the motion. The proceedings of a court of justice are of too grave a character to be impeached or set aside, except upon responsible and trustworthy grounds.
The weakness of the defendant’s case, consists in the fact that it does not affirmatively appear what answer was made to the communication of the jury. How can the court act upon the motion unless it appears what the judge said ? He cannot prevent the jury from making inquiry. To set aside the verdict would be acting upon the supposition that the judge had been guilty of exercising a discretion not permitted by law, while it does not appear what answer he made *310 fco the inquiry. In such a case, the presumptions are all the other way. The position he is called to fill, his experience and impartial conduct, are supposed to be guards enough against the improper exercise of discretion.
What is the discretion referred to, in the cases on this subject? It must be, I think, a legal discretion, a species of discretion which is authorized by law, without which justice cannot be administered. This definition reconciles all the apparent contradictions which are supposed to exist in the reported cases. In the case last reported (Watertown Bank and Loan Co. v. Mix, 51 N. 7. 561), Mr. Justice Johnson points out the distinction. He says, “thereought to be no communication between the judge and the jury after they have gone from the bar to consider of their verdict in relation to the oral evidence, or his instructions to them, unless it take place openly in court, or with the express assent of the parties.”
All the cases referred to by that experienced and discriminating judge, in his opinion, refer to communications relating “to oral evidence, or instructions on the law governing the case.” In the case of Plunket v. Appleton, lately decided by this court, the learned judge recognizes the distinction by repeating the rule in terms thus laid down.
The answer, whatever it was, is not made known. We are at liberty to guess what it was. He may have stated to them he had no answer to make. He may have stated that it was improper for him to answer, that they must come into court for instructions. Or he may have said, “ Ho.” Then it would have been in all respects the case of Thayer v. Van Vleet (5 Johns. 111), in which the very distinguished judges of that day say, “ there was in the case no semblance of abuse.” There was no exercise of discretion here, but the discharge of a duty imposed upon the *311 court. The communications from the jury are often of that kind which ought not to be made known to the bar. The case before us is of that kind. To have announced to the bar the inquiry whether the jury could find against the defendant twenty-five thousand dollars, whilo the plaintiff’s claim was only five thousand dollars, would have been to announce the result of the case before the verdict was published. This would have been, in my judgment, a better ground of appeal, than that under consideration. The relations existing between the trial judge and the jury, necessarily demand a large share of discretion in many matters, others than those arising from the evidence, or the law governing the case. It is the daily experience of those attending courts, that there are very many inquiries which the. jury have the right to make of the presiding justice, which he has no right to communicate to the bar, or the public. These will be readily suggested to the minds of any one conversant with legal proceedings, and to say that there is no discretion allowed in such cases, is neither wise nor sensible. Applying the rale, as now limited and confined by the court of last resort, I think the order appealed from should be reversed, with costs.'