THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL LINZEY, Appellant.

*Children called as witnesses — when an appeal is founded on an error of fact, when determined upon affidavits — communications with a jury during its deliberations.*

The law fixes no precise age within which children are excluded as witnesses. Their competency depends upon their intelligence, judgment, understanding and ability to comprehend the nature and effect of an oath. If a witness is over the age of fourteen years the law presumes him to possess the requisite discretion and understanding, and, if under that age, the duty devolved upon the trial court (prior to the enactment of chapter 279 of the Laws of 1892), in the exercise of a sound discretion, of determining whether the witness had the requisite capacity and intelligence to comprehend the nature and effect of an oath, and such discretion will not be interfered with upon appeal, except upon a clear showing of its abuse.

Where an appeal is founded upon an error in fact, not appearing upon the record and not within the knowledge of the trial justice, the appellate court may determine the matter upon affidavits, but where the error charged is within the knowledge of the justice having reference to his own conduct pending the deliberation of the jury, the facts with reference thereto should be incorporated in his return. The affidavit of the justice in regard to such facts, attached to his return, may be considered upon appeal as a part of the return.

After the jury on the trial of a criminal action had retired to consider its verdict, the justice before whom the case was tried entered the jury room during the deliberations of the jury upon such case, at the request of the officer in charge, supposing that a verdict had been agreed upon, and upon learning, immediately after entering, that no agreement had been reached, he told the jurymen that he had no right to be there without the attorney, and turned to leave the room, when one of the jurymen asked with what crime the defendant was charged, and the justice answered "petit larceny."

*Held,* that the verdict of guilty rendered by the jury, and the judgment entered thereon, must be set aside; that it was not incumbent upon the appellant to show that he was prejudiced by the action of the justice in order to entitle him to a new trial.

APPEAL by the defendant, Daniel Linzey, from a judgment of the Court of Sessions held in and for the county of Ontario, rendered on the 12th day of December, 1892, affirming the judgment of a Court of Special Sessions of the Peace held in and for the county of Ontario in the town of East Bloomfield convicting the defendant of the crime of petit larceny.

*John E. Robson,* for the appellant.

*Royal B. Scott, District Attorney,* for the People, respondent.

HAIGHT, J. :

The defendant was convicted of the offense of stealing a twenty-dollar bill from the money drawer in the coal office owned by John Hamlin at East Bloomfield Station in the county of Ontario.

Upon the trial Robert Linzey was sworn as a witnesss for the People, and, under objection by the appellant's counsel to the effect that he was not competent to understand the nature of an oath, was permitted to testify that he saw the appellant take the bill in question from Mr. Hamlin's money drawer.

It appears that the witness was about ten years of age, and before he was permitted to testify was examined in reference to his qualification, and stated that he had been to Sunday school; had been taught that it was wrong to steal or to tell a lie; said that he knew that it was wrong not to tell the truth, and knew there was some punishment to be administered when a witness swears to tell the truth and does not, and that he understood that to tell a lie under oath was wrong, and that he might be punished for it.

We think that the trial court, in the exercise of the discretion vested in it, properly permitted the witness to testify. The law fixes no precise age within which children are excluded as witnesses. Their competency depends upon their intelligence, judgment, understanding and ability to comprehend the nature and effect of an oath. If a witness is over fourteen years of age the law presumes him to possess the requisite discretion and understanding. If under that age, the duty devolves upon the trial court, in the exercise of a sound discretion, to determine whether the witness has the requisite capacity and intelligence, and this discretion will not be interfered with upon appeal except upon a clear showing of its abuse. (Rapalje's Law of Witnesses, § 7, and authorities there cited.)

The trial of this action took place before chapter 279 of the Laws of 1892 took effect, so that the amendment of section 392 of the Code of Criminal Procedure, therein provided for, has no application.

The defendant's counsel, in his affidavit to procure an allowance of an appeal from the judgment of the Court of Special Sessions, among other things, states that "he has been informed by said justice and one of the jurors who tried said case, that after the jury retired to consider their verdict, said justice went to said jury room

and read to said jury the information upon which the warrant was issued in said case, and that it was done without the knowledge or consent of the defendant or his attorney, nor was either of them present when said statements were so read as aforesaid."

The justice in his return says nothing in reference to this charge, but he attaches thereto his affidavit, in which he states, "that he entered the jury room while they were deliberating upon the case, at the request of the officer in charge, supposing that a verdict had been agreed upon; that upon learning, immediately after entering, that no agreement had been reached, deponent told the jurymen he had no right to be there without the attorney, and turned to leave the room, when one of the jurymen said that they wanted to know with what crime the defendant was charged with, to which deponent replied, after opening the information, but not reading therefrom, 'petit larceny;' that no other conversation was had by deponent while in the jury room, and no information or evidence was read to them."

The practice is, that where an appeal is founded upon an error in fact, not appearing upon the record and not within the knowledge of the justice, the court may determine the matter upon affidavits; but the error here charged was within the knowledge of the justice, for it has reference to his own conduct pending the deliberation of the jury, and the facts in reference thereto should have been incorporated in his return. (*Vallen* v. *McGuire*, 49 Hun, 594.)

But, we think, in this case we may treat his affidavit attached to the return as a part thereof, and determine the question upon the facts presented.

In *Sargent* v. *Roberts* (1 Pick. 337) the foreman of the jury wrote to the judge that they could not agree and that they waited for his directions. The judge answered in writing, saying that he was unwilling, after so much time had been consumed in the case, to permit them to separate, and gave some directions that would enable them to consider the case in a more systematic manner, and added that the officer had directions to take them to a more convenient apartment if they desired. On review, the judgment was reversed and a new trial granted. PARKER, Ch. J., in delivering the opinion of the court, says: "It is impossible, we think, to complain of the substance of the communication; the only question is

FIFTH DEPARTMENT, JUNE TERM, 1894.          [Vol. 79.

whether any communication at all is proper, and if it was not, the party against whom the verdict was is entitled to a new trial, and we are all of the opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury after the cause has been committed to the latter by the charge of the judge, unless in open court, and where practicable in the presence of the counsel in the case. The oath administered to the officer seems to indicate this as the proper course. He is to suffer no person to speak to them nor to speak to them himself, unless to ask them whether they are agreed, and he is not to suffer them to separate until they are agreed, unless by order of court. When the court is adjourned the judge carries no power with him to his lodgings, and has no more authority over the jury than any other person, and any direction to them from him, either verbal or in writing, is improper. It is not sufficient to say that the power is in hands highly responsible for a proper exercise of it. The only sure way to prevent all jealousies and suspicions is to consider the judge as having no control whatever over the case except in open court in the presence of the parties and their counsel. The public interest requires that litigating parties should have nothing to complain of or suspect in the administration of justice, and the convenience of jurors is of small consideration when compared to this great object."

In *Bunn* v. *Croul* (10 Johns. 239), while the jury were deliberating on their verdict, the justice was requested to inform them whether a particular point of evidence had been given, stating it to him. The justice informed the jury that it had, and mentioned the name of the witness who had testified to the fact. A verdict was found for the plaintiff on which the justice gave judgment. On review the judgment was reversed, the court saying: "It cannot fairly be inferred from the return that the explanation given by the justice to the jury after they had retired to make up their verdict was by the consent or in the presence of the parties. If it was not, the allowance of such a practice would be dangerous to the rights of parties. The justice's recollection might not be accurate as to what the witness had said, and for that reason the testimony might be misstated. When, if the parties were present, or the witnesses again called and repeat their testimony, any mistake might be corrected."

In *Taylor* v. *Bettsford* (13 Johns. 487) the justice went into the jury room at the request of the jury to answer certain questions proposed to him, and the judgment was reversed, the court saying : " The only error necessary to be noticed in this case is that the justice went into the room with the jury at their request, privately and apart from the parties, to answer certain questions proposed to him by the jury. This we have repeatedly held to be erroneous, unless done with the consent of the parties. Whether the information given by the justice was material or had any influence upon the verdict of the jury, is a matter which we will not inquire into."

In *Watertown Bank & Loan Co.* v. *Mix* (51 N. Y. 558) it was held that a party to an action on trial by a jury is entitled to have all the proceedings public, both in respect to the production of proof and to the instructions to the jury by the court, and there ought to be no communication between the judge and the jury after the latter have gone from the bar to consider their verdict; that this right is a substantial one and is not in the discretion of the court. A party moving for a new trial upon this ground is not bound to show affirmatively that such communication tended to his injury.

So much for the authorities bearing upon the question. As we have seen, the justice is charged with having read to the jury the information upon which the warrant was issued. The appellant's attorney states that he was so informed by the justice and one of the jurymen. The information consisted of the *ex parte* affidavits taken before the justice. It was certainly improper and might well have tended to prejudice the jury. The justice admits in his affidavit that he opened the information, but states that he did not read therefrom; that then he answered that the charge was petit larceny. As has been stated in the cases, his recollection might not be accurate as to what he did before the jury. It leaves an opportunity for a defeated party to suspect that an injustice has been done him, and in the language of one of the learned judges, to which we have referred, " The public interest requires that litigating parties should have nothing to complain of or suspect in the administration of justice."

Undoubtedly, treating the affidavit of the justice as a part of his return, we are bound by his statement as to the facts, but as we have already seen, it is not incumbent upon the appellant to show

that he has been prejudiced in order to entitle him to a new trial.

The judgment of the Court of Special Sessions and of the Court of Sessions of Ontario county appealed from should be reversed and a new trial granted in the Court of Sessions of that county, and for that purpose the proceedings should be remitted to that court.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment and conviction of the Court of Special Sessions and judgment of affirmance of the Court of Sessions of Ontario county appealed from reversed, and a new trial granted in the Court of Sessions of that county and for that purpose the proceedings are remitted to that court.