GEORGE HIGH, Respondent, *v.* CHARLES F. CHICK, Appellant.

*Communications between the court and jury, after the submission of a cause, except in court, vitiate the verdict.*

The court is forbidden to hold any communication with the jury after the trial and submission of a cause, except in open court, and where practicable in the presence of the counsel for the respective parties to the action, and a failure to comply with such rule vitiates the verdict rendered by the jury.

APPEAL by the defendant, Charles F. Chick, from a judgment of the County Court of Genesee county in favor of the plaintiff, entered in the office of the clerk of the county of Genesee on the 27th day of February, 1893, upon the decision of the court affirming the judgment of a justice of the peace of the town of Pembroke, Genesee county, and also from an order affirming said judgment, entered in said clerk's office on the 27th day of February, 1893.

*C. H. Bean*, for the appellant.

*W. F. Clark*, for the respondent.

DWIGHT, P. J.:

The only question we deem it necessary to consider in this case relates to an alleged error in fact in connection with the trial of the action. The facts upon which the question arises appear in part by

the return of the justice and more fully by a stipulation of the attorneys for the respective parties, and are as follows :

After the case had been submitted to the jury all persons except the jury and the constable, who was sworn to attend them, withdrew from the room in which the trial had taken place, and the jury remained there to deliberate on their verdict. The room was in an unoccupied house owned by the justice, and opened off from the main hall of the building. After the jury had been engaged in their deliberations several hours they sent the constable to find the justice, and inform him that they wished to see him. The constable found the justice at his house, in company with the attorneys for both the parties, and informed him in their presence that the jury had not agreed and wished to see him. The justice thereupon proceeded to the building where the jury was confined, and the attorneys accompanied him to the front door. There they stopped, and the attorney for the defendant protested against the justice's going into the jury room. He went in, however, without inviting either of the attorneys to accompany him, and closed both doors behind him. In the jury room, no other person being present unless possibly the constable, he was asked and answered a question in respect to the effect of a verdict, if one should be rendered, and then left the jury to their further deliberations. They afterwards found a verdict for the plaintiff.

We think the proceeding constituted an error for which the judgment must be reversed. We had occasion, at the last term, in the case of *The People* v. *Linzey* (79 Hun, 23) to consider the question of the effect upon the verdict of a communication by the justice to the jury while engaged in their deliberations, and held that the effect, under the circumstances there disclosed, was to vitiate the verdict. The proceeding in this case seems to us still more objectionable than what occurred in that case. But the rule is very strict and forbids any communication whatever by the court to the jury after the cause has been submitted to the latter, except in open court, and, where practicable, in presence of the counsel in the case. (See the cases cited and quoted from by HAIGHT, J., in the opinion in the case of *Linzey, supra.*) Among those cases is that of *Taylor* v. *Betsford* (13 Johns. 487) where the language of the court is closely applicable to this case. The court said : " The only error

necessary to be noticed in this case is, that the justice went into the room with the jury at their request, privately and apart from the parties, to answer certain questions proposed to him by the jury. This we have repeatedly held to be erroneous, unless done with the consent of the parties. Whether the information given by the justice were material or had any influence upon the verdict of the jury, is a matter which we will not inquire into."

The justice in his return intimates that he regarded the court as opened when he went into the room, and that counsel were at liberty to go in with him if they had seen fit to do so. But he gave no such intimation to the counsel at the time, but left them standing at the outer door of the building, the counsel for the defendant protesting against the justice's going in. The action of the justice, although no doubt innocent in its intent, was inconsiderate. He would have avoided the error complained of if he had answered to the objection of the defendant's counsel, that the court was to be considered open while he conferred with the jury, and invited them both to be present with him.

For the error in fact here considered the judgment of the County Court and of the justice must be reversed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Genesee county and that of the justice reversed.