(15 Misc. Rep. 449.)

### HORRMAN v. NEUMAN.

(City Court of New York. General Term. January 28, 1896.)

TRIAL—COMMUNICATING WITH JURY AFTER RETIREMENT.

Where the jury, after retiring, send an officer to the court with certain questions in regard to the case, it is not error for the court, though in the absence of counsel, to indorse on the paper containing the questions that he had "no further charge to make than as already charged," and then to return the paper to the jury, as there was no communication between the court and the jury on the subject of the inquiry.

Appeal from special term.

Action by Rudolph Horrman against Alexander Neuman. From an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before CONLAN and BOTTY, JJ.

Thompson & Allen, for appellant.

Oppenheim & Oppenheim, for respondent.

CONLAN, J.   Appeal from an order denying the motion for a new trial.   It appears from the printed case that, after the jury had retired to deliberate, one of the number sent, by an officer in charge, two questions to the court, asking further information on matters involved in the case.   The court indorsed on the paper containing the questions "that he had no further charge to make than as already charged," and caused it to be returned to the jury.   This was in the absence of counsel, and it is claimed on the part of the appellant that this was an error for which the judgment should be reversed. We do not think the point contended for is sustained by the authorities cited.   In Taylor v. Betsford, 13 Johns. 487, the justice went into the room with the jury, at their request, and, privately and apart from the parties, answered questions put to him by the jury.   In Loan Co. v. Mix, 51 N. Y. 558, the court caused to be answered the inquiry, "whether the witness Moffott proved positively on cross-examination that Harris did not leave the money on the counter," by informing them that "no such question was asked."   This was in the absence of the plaintiffs and their counsel.   In High v. Chick, 81 Hun, 100, 30 N. Y. Supp. 652, the justice went into the juryroom, against the protest of counsel for the defendant, and closed the door behind him, and while there answered questions as to the effect of the verdict.   It will be seen that in all these cases there was some actual communication between the court and jury bearing on the matter submitted to them.   In the case at bar, there was no communication on the subject of the inquiry.   The most that can be said is that the court caused the information to be sent to the jury that he declined to communicate.   It is not incumbent on a party claiming an irregularity to show that the act complained of was prejudicial, but rather for the person claiming the regularity of the proceeding to show that it was not; but where it appears affirmatively that it could not have affected the result, it is not a sufficient reason for directing a new trial.   Mahoney v. Decker, 18 Hun, 365.   The refusal of the court to instruct the jury in the present case was within the exercise of sound discretion, and not such an irregularity as to warrant the reversal of the judgment.

Order affirmed, with costs.