H. S. ABBOTT, Respondent, *v.* GOTTLIEB HOCKENBERGER, Appellant.

(County Court, Monroe County, May, 1900.)

Jury — Justice must not communicate with jury after they have withdrawn to their room.

Public policy forbids a justice of the peace from communicating with a jury after they have withdrawn to their room, and his merely

informing them there, upon request, that a verdict for the plaintiff would carry costs is a sufficient ground for a reversal of the judgment entered on their verdict.

APPEAL from judgment of Justice's Court, held in the town of Webster, awarding plaintiff possession of a heifer, and costs of the action.

J. W. Barrett, for appellant.

C. W. McKay, for respondent.

SUTHERLAND, J. The appellant raises several objections to the proceedings in Justice's Court, but I consider none of them tenable except the objection that after the case was submitted the justice entered the jury room, at the request of the jury, but in the absence of the appellant and without his knowledge or consent, and answered a question respecting the effect of a verdict. The justice says in his affidavit, which is treated as a part of the return, that he was only asked if a verdict for plaintiff would carry costs, to which he replied " Yes "; and he thereupon left the jury room.

The answer was correct and it is not apparent that any prejudice came to the appellant from the incident. It would seem, however, that the latest decisions are that if the justice goes to the jury room and communicates privately with the jury about the case without the consent of the parties, the judgment thereafter rendered must be set aside, and it is not necessary to show that anything was said unfavorable to the appellant. This rule seems to be founded upon considerations of public policy, and in its application the court will not inquire whether in the particular instance under review the defeated party was injured. It is said that if private communication were permitted between judge and jury, proof of what took place would necessarily have to be obtained by the defeated party from those who would be naturally reluctant to admit their own wrongdoing, and fairness to litigants can best be assured if no opportunity is afforded for unfair dealing and all intercourse between judge and jury concerning the case be of necessity in public. This rigid rule in particular instances may work hardship, but in the majority of cases it is salutary.

In Taylor v. Bettsford, 13 Johns. 487, in reversing a judgment

because in the absence of the parties the justice had gone to the jury room and answered some question about the case, the Supreme Court said: " Whether the information given by the justice was material, or had any influence upon the verdict, is a question which we will not inquire into." In People v. Linzey, 79 Hun, 23, the justice went to the jury room, and in reply to a question said the charge against the prisoner was petit larceny. This was correct. The County Court of Ontario county affirmed the conviction, but the General Term, fifth department, set it aside, saying (p. 27): " It is not incumbent upon the appellant to show that he has been prejudiced in order to entitle him to a new trial." In High v. Chick, 81 Hun, 100, a Genesee county case, the justice entered the jury room and correctly answered a question concerning the effect of a verdict upon the note in suit. The County Court held that the answer was correct and not misleading, and affirmed the justice. See opinion, General Term Cases, vol. 739, Rochester Library. But the General Term followed People v. Linzey and Taylor v. Bettsford, and reversed the judgment, saying: " The rule is very strict and forbids any communication whatever by the court to the jury after the cause has been submitted to the latter, except in open court, and, where practicable, in presence of counsel in the case."

And these cases are cited with approval upon this point in Kehrley v. Shafer, 92 Hun, 196.

The well-known probity and fairness of the justice who tried this case furnishes assurance that in this particular instance there was no intention to influence the jury, and the respondent offered to read the affidavits of the jurors that they were not prejudiced by the interview. But I see no way to sustain the judgment under the precedents cited, and, therefore, the judgment is reversed.

Judgment reversed.