## LASHER v. CURRY.

(Fulton County Court. January Term, 1901.)

1. JUSTICES OF THE PEACE—SPECIAL PROCEEDING—PEREMPTORY CHALLENGE OF JURORS—STATUTES.

> Code Civ. Proc. c. 10, § 1176, provides that each party in a court not of record, on the trial of an issue of fact in a civil action, cannot peremptorily challenge more than three of the persons drawn as jurors for the trial. Section 3347, subd. 7, prescribes that certain portions of chapter 10, including section 1176, shall apply to special proceedings and to courts of civil jurisdiction. *Held*, that the statute applied to a summary proceeding for the recovery of real estate, and hence it was not error for the court to allow peremptory challenges to jurors in such a proceeding in a justice's court.

2. SAME—JUSTICE COMMUNICATING WITH JURORS—ATTORNEY'S CONSENT.

> Where a justice of the peace at the request of the jury entered the jury room while they were deliberating on a verdict, and gave them further instructions, and the attorneys for both parties had accompanied the justice into the room, but had left, without objection, at the request of a juror, the attorneys will be deemed to have consented to the communication of the justice to the jurors, and hence no error was committed.

3. SAME—RECOVERY OF REALTY—INSTRUCTION PROPER.

> In a summary proceeding for the recovery of realty on failure to pay rent, an instruction that if the defendant paid the rent he could stay on the premises was proper.

Appeal from justice court.

Action by Catherine A. Lasher against Albert A. Curry. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

A. W. Bemis, for appellant.
J. M. & J. H. Drury, for respondent.

KECK, J. This is an appeal from a judgment of a justice of the peace rendered upon a verdict of a jury in a special proceeding, viz. in summary proceeding for the recovery of the possession of real estate instituted by the petitioner, who is the respondent on this appeal, under chapter 17 of title 2 of the Code of Civil Procedure. All the allegations in the petition are admitted by the answer, excepting that the rent claimed is or was due at the time of the instituting of the proceedings. At the time of the joining of the issue the defendant (tenant) demanded a jury, and thereupon the justice nominated 12 persons to serve as jurors, and issued his precept to the proper officer, commanding him to summon the persons so nominated to appear before him at a time to which the case was adjourned, for the trial of the matters in dispute, as provided by section 2247 of the Code of Civil Procedure. On the return day the persons so nominated appeared, and upon the case being called for trial the justice proceeded to impanel a jury. One of the six persons so summoned, on being drawn, was peremptorily challenged by the petitioner (respondent), whereupon the defendant's counsel objected to the allowance of such challenge, because no ground was assigned, and because the law did not allow a peremptory challenge in a proceeding of this nature, and requested the justice to allow the juror so challenged to sit as one of the jurors in the case. The justice overruled the objections and set aside the juror, and drew another in his place, to which the defendant objected. This action on the part of the justice in overruling these objections is claimed as error which requires a reversal of the judgment. Attention is called to the case of People v. Hamilton, 39 N. Y. 109, by the learned counsel for the appellant, and upon which he relies as an authority for reversal of the judgment. This case was decided in 1868, and, if there has been no change in the statute which governs and regulates the obtaining and formation of juries upon the trial of a case of this nature, it is decisive here, and the judgment cannot stand. The method of obtaining jurors for the trial of issues of fact is now found in and regulated by chapter 10 of the Code of Civil Procedure; and the formation, etc., of the jury is specifically defined by title 5 of this chapter. By section 1176 of this title it is provided that:

"Upon the trial of an issue of fact joined in a civil action in a court of record, each party may peremptorily challenge not more than six, and in a court not of record each party may peremptorily challenge not more than three of the persons drawn as jurors for the trial."

If article 1 of title 5 of the chapter referred to, which includes this section, is applicable to special proceedings, then it seems to me that the right to peremptory challenge is given to a party in a case like this, and the decision cited is no longer authority on the point.

By subdivision 7 of section 3347 of the Code it is provided that:

"Titles third and fourth and article first of title fifth of that chapter [chapter 10] apply only to jurors drawn for, and juries formed at, a term of a court

commencing not less than twenty days after the first day of May, 1877.  Subject to that qualification they apply to jurors selected under statutes, remaining unrepealed after that day,  *  *  *  as prescribed in those titles.  The same portions of chapter ten, including article 3 of title third, apply equally to a criminal and a civil action or a special proceeding, and to a court of criminal and a court of civil jurisdiction."

Here, then, as it seems to me, is found an express provision making article 1 of title 5 (which includes section 1176, above quoted) applicable to a special proceeding like the one under consideration.

Section 2247 provides that "six of the persons so summoned shall be drawn in like manner as jurors in justice's court," which is substantially the same provision found in the former statute, in existence when the case above cited was decided.

In this case (39 N. Y. 107, supra) Mason, J., says at page 110:

"While the right of peremptory challenge is an act of the party alone, which sets aside the juror drawn, without a decision or interposition of the justice at all, this act requiring the jury to be drawn in the same manner as jurors in justice's court has reference to the mode and manner of drawing, and ought not to be held as extending by implication and construction the right of peremptory challenge given by the statute of 1874, which, in its very nature, limits the right of peremptory challenge to the trial of fact joined in civil actions."

If the provisions of the statutes then in existence had been extended to and made applicable to trials in cases of special proceedings, as is the case under the present statutes, the decision of the court must have been otherwise; and the case, therefore, ceases to be an authority under the present existing statutes.  I think, therefore, that the overruling of the objections by the justice was correct, and no error was committed thereby.

The second ground urged for reversal of the judgment is that the justice communicated with the jury after they had retired and were deliberating upon their verdict.  In order to make a proper determination of this point, it is necessary to examine the return and see what occurred.  The amended return made by stipulation sets forth the following:

"After they [the jury] had been placed in charge of a constable to deliberate upon their verdict, and after they remained in the same room where the trial was had for deliberation, and the parties and their attorneys and all others left the room, about twenty minutes thereafter the constable called to me [the justice], saying the jury wanted to talk with me.  I then went into the room where the jury were.  Defendant and his attorney and the attorney for the plaintiff and many others went into the same room.  Albert T. Peck, one of the jurors, then said: 'We don't want all of you people.  We want to see the justice.'  Thereupon the defendant and his attorney, the attorney for the plaintiff, and all others except the justice, left the court room.  The jury then asked me, 'If defendant pays the rent, can he stay on the place?' and I said, 'Yes.' "

Was there such an error here committed as requires a reversal of the judgment?  If misconduct on the part of the justice took place, then the judgment should not stand.  If he had communication with the jurors without the knowledge or consent of the parties to the action, then an error was committed which calls for a reversal.  I think it must be held, under the facts disclosed by the return as above set forth, that the justice entered the room (which had been

the court room) with the consent of the parties to the action, as the defendant and his attorney and the plaintiff's attorney accompanied him at the time, and no objections were made by any of them to his entering the room, and while in the room the justice did not command any one to leave it. But one of the jurors said: "We don't want all of you people. We want to see the justice." And thereupon the defendant and his attorney, as well as the plaintiff's attorney, withdrew,—not by command of the justice, however, but under circumstances that may be said to be voluntary upon their part. It has been held many times and by many different courts in this state that the justice may talk with and give instructions to the jurors after the cause has been submitted, if the parties to the action consent. Henlow v. Leonard, 7 Johns. 200; Whitney v. Crim, 1 Hill, 61; Hancock v. Salmon, 8 Barb. 564; Thayer v. Van Vleet, 5 Johns. 111; Rogers v. Moulthrop, 13 Wend. 274. In the last case cited it appears that, after the case was tried and submitted to the jury, they requested the justice to come to the office and give them some instructions upon the law of the case. The counsel for the defendant was present when the message was delivered, and was requested by the justice to go with him to the jury room, which he refused to do, and said he would not consent that any one should go into the jury room. The counsel for the plaintiff went with the justice into the office, when the jury told the justice that they wanted some information as to the law of warranty, whereupon the justice read to them the law on the subject as contained in Cowen's Treatise, and left the treatise with them. Subsequently the jury found a verdict for the plaintiff, on which judgment was rendered, which judgment was affirmed by the common pleas, and then appealed to the supreme court, where it was also affirmed, the court saying:

"The case, then, stands precisely as if the jury had come into the court and asked for further instructions, and the justice had sent for the parties and their counsel for the purpose of being present and hearing the additional charge which he was about to deliver, and one of the parties had refused to come into court, and the justice proceeded without him. There is no irregularity in the proceeding, or abuse of discretion on the part of the justice."

Here the defendant and his counsel by remaining in the room might have heard the instructions asked for by the jurors and given by the justice, and it cannot be said to be the fault of the justice that they did not remain to hear it. It is a well-settled rule of law that a justice cannot enter the jury room and deliberate with the jury privately and apart from the parties and without their consent. But that rule of law should not, in my opinion, be applied under the facts of this case, as there is no semblance of abuse, and the consent of the parties to the action of the justice may be inferred. The instructions given were substantially correct, as the payment of the rent at any time before the issue of a warrant to dispossess the defendant would defeat the proceedings.

I think, therefore, no error was committed here, and the judgment should be affirmed, with costs; and an order is directed to be made accordingly.