LAGE, Appellant, v. JACKSON et al., Respondents. (Supreme Court, Appellate Division, First Department. June 7, 1901.) Action by Louise Lage against Emma A. Jackson and another. M. Feltenstein, for appellant. F. V. Mayforth, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

LA PREASE, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. June 19, 1901.) Action by Peter La Prease against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.

LASHER, Appellant, v. CITY OF GLOVERSVILLE, Respondent. (Supreme Court, Appellate Division, Third Department. June 28, 1901.) Action by Seeley Lasher against the city of Gloversville. No opinion. Judgment unanimously affirmed, with costs.

LASHER, Respondent, v. CURRIE, Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1901.) Action by Catharine A. Lasher against Albert A. Currie. No opinion. Judgment (68 N. Y. Supp. 845), affirmed, with costs. All concur, except PARKER, P. J., who dissents.

LECOUR v. IMPORTERS' & TRADERS' NAT. BANK. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Action by Aimee R. Lecour against the Importers' & Traders' National Bank. No opinion. Motion denied, with $10 costs.

LEDERER v. SIRE. (Supreme Court, Appellate Division, First Department. June 7, 1901.) Action by George W. Lederer against Henry B. Sire. No opinion. Motion granted, with $10 costs.

LEMBERGER, Respondent, v. WALTON, Appellant. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Action by Sigmund Lemberger against David S. Walton. C. Oakes, for appellant. F. M. Hill, for respondent. No opinion. Judgment affirmed, with costs.

LEVY, Respondent, v. HANNEMAN, Appellant. (Supreme Court, Appellate Division, First Department, July 9, 1901.) Action by Pauline Levy, an infant, against Louis Hanneman. H. W. Bookstaver, for appellant. O. Horwitz, for respondent. No opinion. Judgment and order affirmed, with costs.

LIEBERMANN, Appellant, v. STRAUS, Respondent. (Supreme Court, Appellate Division, Second Department. June 14, 1901.) Action by Paul De L. Liebermann against Annie Straus, formerly doing business as the Straus Tire Company. No opinion. Interlocutory judgment affirmed, with costs.

LOGAN v. SIMPSON et al. (Supreme Court, Appellate Division, First Department. June 14, 1901.) Action by William J. Logan against Joan G. Simpson and others. No opinion. Motion denied, with $10 costs.

LONG, Respondent v. MUTUAL LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June 19, 1901.) Action by William Long against the Mutual Life Insurance Company.

PER CURIAM. It appearing that there are not four members of the appellate division in the Fourth department qualified to sit in this case, it is hereby ordered that the case be, and is hereby, transferred to the appellate division of the Third department, pursuant to the requirements of section 231 of the Code of Civil Procedure.

LOOMIS, Respondent, v. STISSER, Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1901.) Action by Edith A. Loomis against Margaret Stisser, impleaded, etc.

PER CURIAM. Judgment modified by striking therefrom the words "and the estate of Martin Stisser, deceased," in that part thereof directing the payment of any deficiency on the note of the plaintiff existing after the sale of the premises and the payment of the proceeds thereof as provided by said judgment, and, as modified, affirmed, without costs to either party.

LOUGHRAN, Respondent, v. THIRD AVE. R. CO., Appellant. (City Court of New York, General Term. May, 1901.) Appeal from a judgment entered upon a verdict in favor of the plaintiff. Hoadly, Lauterbach & Johnson (Edgar M. Johnson, P. J. Rooney, Henry Siegrist, Jr., of counsel), for appellant. Kneeland, La Fetra & Glaze (Edward B. La Fetra, of counsel), for respondent.

PER CURIAM. The judgment recovered herein is very reasonable in amount, and should be affirmed. We think the exceptions taken to the judge's charge are not of sufficient importance to justify a reversal. We must assume that the jury only allowed plaintiff, in their verdict, for sums of money actually expended by him. He having failed to show that he paid a substitute while sick, of course the jury made him no allowance on that account. The judge's charge upon that point simply instructed them to repay him for any sum so expended, if he spent any in that way. This was not error, and, we think, in no wise affected the verdict of the jury. Judgment affirmed, with costs.

O'DWYER, J., concurs.

HASCALL, J. (dissenting). It seems to me that the verdict has not sufficient support in the evidence.