## HUDSON v. STEARNS.

(Fulton County Court. December Term, 1901.)

JUSTICES—COMMUNICATION WITH JURY—EFFECT.

Communication by justice with jury after their retirement, and without the consent of parties, though merely to instruct them in answer to their inquiry that the costs must follow the judgment, necessitates reversal of the judgment rendered.

Appeal from justice's court.

Action in justice court by Isaac T. Hudson against Joseph Stearns. Judgment for plaintiff, and defendant appeals. Reversed.

Ralph Glasgow, for appellant.

Keck & Rogers, for respondent.

KECK, J. The justice, in his return upon this appeal, sets forth the following, viz.:

"That after deliberating for some time the jury called for the justice; the door of the jury room was then opened by the constable, who was present; neither the plaintiff nor defendant nor their counsel was notified, and neither of them was present, nor did they, or either of them, consent; then the foreman of the jury asked me if the costs could be divided and placed on both parties; I, in reply, said to him, 'No, that the costs followed judgment always in a civil action,' and I then withdrew."

The jury thereafter, as also appears by this return, rendered a verdict in favor of the plaintiff, on which the justice entered the judgment from which the defendant appeals to this court, and asks a reversal upon the sole ground that the justice committed an error in communicating with the jury in the absence of the parties and their counsel, and without their consent.

It is a well-settled rule of law that the justice may give instructions to the jury after the cause has been submitted, if the parties to the action consent. Henlow v. Leonard, 7 Johns. 200; Whitney v. Crim, 1 Hill, 61; Hancock v. Salmon, 8 Barb. 564; Lasher v. Curry, 102 N. Y. St. Rep. 845, 68 N. Y. Supp. 845, and cases there cited. In this last case cited, which was an appeal to this court, and subsequently affirmed by the appellate division (105 N. Y. St. Rep. 1140, 71 N. Y. Supp. 1140), the judgment was upheld upon the point here involved, for the reason that it could be inferred from what occurred at the time the magistrate entered the jury room and gave in-

structions that he did so with the consent of the parties and their counsel, who accompanied him, and made no objections to the instructions given by him to the jury. In the case under consideration it is not contended on the part of the respondent that the entry into the jury room by the justice and his communication with the jury was with the consent of the parties, but it is urged that the instructions given to the jury were correct, and no harm was done to the appellant. It may be that in this particular case no harm was done (as the instructions seem to have been correct), and the verdict might have been the same had no such communication taken place. But the inauguration of a rule of law that would allow communication between a judge, magistrate, or other officer beyond what is now authorized by statute and the jury during their deliberation, and in the absence of and without the consent of the parties to the action, would be to inject into our system of conducting trials a practice not only open to suspicion, but one that might be destructive of the interests of parties and the cause of justice. In the case of Taylor v. Betsford, 13 Johns. 487, a magistrate went into the jury room at the request of the jury to answer questions propounded to him, and the court said, on the reversal of the judgment: "This we have repeatedly held to be erroneous, unless done with the consent of the parties, whether the information given by the justice was material or had any influence upon the verdict of the jury is a matter which we will not inquire into." In the case of Loan Co. v. Mix, 51 N. Y. 558, the court says: "The public interest requires that litigating parties should have nothing to complain of or suspect in his administration of justice." In the case of People v. Linzey, 79 Hun, 23, 29 N. Y. Supp. 560, it is said: "The only sure way to prevent all jealousies and suspicions is to consider the judge as having no control whatever over the case except in open court, in presence of the parties and their counsel." Also see High v. Chick, 1 N. Y. Ann. Cas. 1, 30 N. Y. Supp. 652, and notes, and Abbott v. Hockenberger, 7 N. Y. Ann. Cas. 481, 65 N. Y. Supp. 566.

In the light of these cases (and others that might be added), as well as upon sound principles, it must be held that the justice erred in communicating with the jury in the absence of the parties to the action and without their consent.

The judgment appealed from must therefore be reversed, with costs, and an order is directed to be made accordingly.