## PEOPLE v. BOWERS.

### (Steuben County Court. June 29, 1908.)

CRIMINAL LAW—TRIAL—CONDUCT OF RECORDER—SPEAKING TO JUROR.

    After the jury on a misdemeanor trial had retired, there was a rap on the door, and on the recorder, before whom the trial was had, stepping to the door, one of the jurors asked him what the nature of the offense was, to which the recorder replied that it was a minor offense, a misdemeanor, punishable by a fine of not over $500, or imprisonment of not over a year, and, on being asked what he could do, the recorder said that he could either fine defendant or suspend sentence. The recorder did not enter the jury room, and the attorneys for the state and defendant were in the courtroom, where they could see what took place between the recorder and the juror, but neither consented to the recorder having any talk with the jury, and neither heard what was said. *Held*, that the action of the recorder was reversible error.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 2068.]

Appeal from Court of Special Sessions.

George Bowers was convicted of a violation of Pen. Code, § 572, making a person who sells, pledges, or otherwise disposes of property which he has borrowed guilty of misdemeanor, and he appeals. Reversed.

Whiteman & Hill, for appellant.

E. C. Smith, Dist. Atty., for the People.

BURRELL, J. It appears from the evidence that some time after the jury had retired for deliberation to a room adjoining the courtroom a rap was heard on the door leading to the jury room. The recorder stepped to the door, and one of the jurors asked the recorder what the nature of the offense was, and the recorder stated in reply as follows:

"A minor offense, a misdemeanor, punishable by a fine of not over $500 or imprisonment of not over a year. Asked me what I could do, or something to that effect. I told them the court could fine him or suspend sentence."

This action on the part of the recorder is urged by the appellant as reversible error.

It is true that the recorder did not enter the jury room and that the attorneys for the parties were in the courtroom and in plain view of what took place between the recorder and the jury at the door of the jury room, but it cannot be said that either of the attorneys for the people or for the defense consented to the recorder having any talk

with the jury, that they had any knowledge that it was the intention of the recorder to go to the jury room, and there is no evidence that the attorney for the defendant heard the conversation between the jury and the recorder, but they afterwards requested him to note it in his minutes, which he did. The defendant's counsel in his affidavit to procure an allowance of an appeal from the judgment of the Court of Special Sessions, among other things, states:

"That, while the jury was deliberating in said action in a room separate and apart from the room in which the trial of said action was conducted, the said recorder, who presided at the trial of said action, opened the door of said jury room, and, as deponent is informed and verily believes, gave instruction to said jury in the absence of both parties to the above entitled action, which conduct on the part of said recorder was improper and which was an error committed by said recorder in the trial of said action; that thereafter the said jury returned into court and rendered a verdict of guilty, with a recommendation of mercy on the part of the court."

It appears from the recorder's evidence of what took place, which was taken at the time of the argument of the appeal, and by the consent of the counsel is to be considered as part of the return, that the attorneys were in the courtroom but some distance away at the time this conversation with the jury took place, and there is no contention that they heard the conversation between the recorder and the jury, although they saw him at the door of the jury room. The courtroom is the city hall, and is quite a good sized room where courts of record are held, and the room in which the jury was deliberating was the room used as a judge's chamber, directly back of the judge's bench, and, the attorneys, being some distance away, could see the recorder at the door of the jury room, but it in no way follows that they could hear or did hear the conversation with the jury; so it might well be said for all the purposes of this case that it took place in their absence, and certainly was not done with their consent.

It cannot be said that there was the slightest intention on the part of the recorder to influence the jury in any way. They called for him, and he went to the door quickly, and evidently without thinking of the possible result. It is a well-settled rule that the court may give instructions to the jury after the cause has been submitted, if the parties consent. Henlow v. Leonard, 7 Johns. 200; Whitney v. Crim, 1 Hill. 61; Hancock v. Salmon, 8 Barb. 564; Lasher v. Curry (Co. Ct.) 68 N. Y. Supp. 845. I do not think it can be inferred, however, in the case at bar that the parties consented to the recorder going to the jury room for any purpose whatever. It is equally well settled that any communication with the jury by the court while the jury are deliberating, in the absence of, or without the consent of, the parties, is reversible error, and it is not necessary to show that the jury were influenced by it, and it is even so though the court states the law correctly to the jury. In Taylor v. Betsford, 13 Johns. 487, the judge went into the jury room at the request of the jury, and answered certain questions there asked him, and the judgment was reversed, and the court there says:

"Whether the information given by the justice was material or had any influence upon the verdict of the jury is a matter which we will not inquire into."

A party to an action tried before a jury is entitled to have all of the proceedings public both in the production of proof and the instructions to the jury by the court, and there ought to be no communication between the judge and the jury after the latter have gone from the bar to consider their verdict.  See Loan Co. v. Mix, 51 N. Y. 558;  People v. Linzey, 19 Hun, 23, 29 N. Y. Supp. 560;  Wheeler Estate v. Sweet's Estate, 137 N. Y. 435, 33 N. E. 483.  In the case of High v. Chick, 81 Hun, 100, 30 N. Y. Supp. 653, the court says:

"But the rule is very strict and forbids any communication whatever by the court to the jury after the cause had been submitted to the latter, except in open court, and where practicable, in presence of the counsel in the case."

The case of Kehrley v. Shafer (Sup.) 36 N. Y. Supp. 510, was a case where the court returned an answer to a written communication from the jury without bringing them into court; and the court says:

"It seems to be well settled in this state that no communication whatever ought to take place between the judge or justice and a jury after a case has been submitted to them, unless it is in open court."  Abbott v. Hockenberger (Co. Ct.) 65 N. Y. Supp. 566;  Hudson v. Stearnes (Co. Ct.) 75 N. Y. Supp. 735.

In the case at bar there had been a previous trial in which the jury had disagreed.  It is possible that the answers of the recorder to the questions propounded to him by the jury as to what the crime was and as to "what he could do," and to which he replied that it was a "minor offense, misdemeanor," and that "the court could fine him or suspend sentence," did tend to influence the jury to agree on a verdict of guilty, and may have conveyed to them the impression that, if the defendant was found guilty, he would escape with light punishment or a suspended sentence, for they soon after agreed with a recommendation for leniency at the hands of the court.  In any event, it was not within the province of the jury to know what the sentence of the court would be or "what the court could do."  The only question for the jury to decide was the guilt or innocence of the defendant from the evidence presented to them, leaving the punishment, in case they found a verdict of guilty, in the hands of the court.

In my opinion the verdict of the jury in this case convicting defendant of the crime charged and the judgment of the Court of Special Sessions appealed from should be reversed.  Ordered accordingly.