EOROTOS ROBINSON, Respondent, *v.* EDMOND WOODARD, Appellant.

(County Court, Ontario County, December, 1914.)

Justices' Courts — action in — communication between justice and jury — appeal.

> The rule that in an action tried in Justice's Court there should be no communication between the justice and the jury in the absence of the parties to the action or their attorneys, or except with their express consent, will be strictly enforced, and an appellate court will not attempt to decide whether or not an infringement of the rule was harmless error.

APPEAL from a judgment of a Justice's Court.

James H. Huntington, for appellant.

John H. Hicks, for respondent.

THOMPSON, J. The trial in this action was had before a jury, and after the jury had retired the constable in charge informed the justice that the jury desired his presence. The justice went to the door of the room in which the jury were deliberating and the following question was propounded to him, "If we desire to bring in a verdict for the defendant what form shall we use?" The justice answered as follows: "I know of no other way to bring in a verdict except either for the defendant or for the plaintiff." This is all the conversation that took place, and the justice did not enter the room far enough to close the door. Neither the parties nor their attorneys were present during this time. Thereafter the jury reached a verdict in favor of the plaintiff.

So far as disclosed it is impossible to conceive that any possible harm could have been done by this innocent compliance by the justice with the request of the jury. Nevertheless, it has long been settled that no communication with a jury in the absence of the parties or their attorneys, or except with their express consent, can be had by the judge or justice presiding at the trial, and the reasons for this are obvious, especially in courts of justices of the peace. The difficulty in ascertaining exactly what did take place and the opportunities for fraud are more than sufficient to require that this rule be strictly enforced and also to preclude an appellate jurisdiction from attempting to decide whether or not such error was harmless.

In the case of *Watertown Bank & Loan Co.* v. *Mix,* 51 N. Y. 558, Judge Johnson, writing, it is said: "There ought to be no communication between the judge and the jury after the latter have gone from the bar to consider their verdict, * * * unless it take place openly in court or with the express consent of the parties."

That this doctrine has been strictly adhered to in this department is seen by reference to the case of *High v. Chick,* 81 Hun, 100, which was an appeal from a judgment of the County Court of Genesee county, in favor of the plaintiff, upon the decision of the court affirming the judgment of a justice of the peace. The justice in this case went into the jury room during their deliberations and communicated with them without the consent or presence of the parties or their attorneys, and Judge Dwight in the opinion says: "The rule is very strict and forbids any communication whatever by the court to the jury after the cause has been submitted to them, except in open court, and, where practicable, in the presence of the counsel in the case."

The case of *People* v. *Linzey,* 79 Hun, 23, is an appeal

from a judgment of this court affirming the judgment of a Court of Special Sessions, held in the town of East Bloomfield in this county. After the jury had retired the justice entered the jury room at the request of the jury and had some communication with them. Judge Dwight writing for the unanimous court, which reversed the judgment of the Ontario County Court, said among other things, " It is not incumbent upon the appellant to show that he was prejudiced by the action of the justice in order to entitle him to a new trial. Further, whether the information given by the justice was material or had any influence upon the verdict of the jury is a matter which we will not inquire into."

I am therefore constrained to hold that communications between justice and jury in the absence of the parties or their attorneys and without their consent are fatal and in such case a judgment cannot stand. *Abbott v. Hockenberger,* 31 Misc. Rep. 587.

It therefore follows that the judgment must be reversed.

*Judgment reversed.*