WILLIAM L. JENSS and One, Appellants, *v.* MARY HARROD, Respondent.

(County Court, Niagara County, July, 1917.)

Jury — retirement of, to deliberate on verdict — communication with jury by trial judge — parties.

> After a jury has retired to deliberate upon its verdict the trial judge may not enter the jury room and communicate with the jury even at its request without the consent, expressed or implied, of the parties to the action.

APPEAL by plaintiffs from a judgment of the Lockport City Court in favor of defendant.

William E. Lockner, for appellants.

William J. Hooper, for respondent.

FISH, J. The amended return herein shows that while the jury were deliberating upon their verdict

the city judge was informed, in the presence of the plaintiffs' counsel, by the city marshal who had the jury in charge, that the jury desired to see the city judge; that thereupon the city judge left the bench, went out of the room into the hall, the plaintiffs' counsel following him about half way across the court room, and that the city judge entered the jury room alone and unattended, and answered a question of one of the jurors pertinent to the case; that the door to the jury room was closed after the city judge entered therein; that he was in the jury room less than five minutes and that shortly thereafter the jury reported their verdict; that the city judge did not ask permission of either counsel to go into the jury room and did not state to counsel that he intended to go into the jury room and discuss the case with the jury. Affidavits of the city marshal and of the City Court stenographer are attached to the return; that of the city marshal states that the announcement by him that the jury wished to see the judge was made in the presence and within hearing of plaintiffs' counsel, and that of the stenographer is to the same effect and also that plaintiffs' counsel, as the city judge left the bench, immediately followed the judge, but stopped and said to the stenographer, " I guess I will not go in," or words to that effect.

Affidavits cannot be used to contradict a return; but as what the plaintiff's counsel said after he stopped may not have been within the knowledge of the city judge, I shall assume that I may consider these affidavits in the above respects as supplemental to the return.

The cases all agree that a judge cannot enter a jury room and communicate with the jury after they have retired to deliberate on their verdict, without the consent of the parties. They are in disagreement as to

whether such consent may be implied or not; one line of cases holding that only an express consent will suffice, and the other line of cases holding that such consent may be implied. Many cases on the subject in this and other states are collated in the note in 17 L. R. A. (N. S.) 614, and in *People* v. *Linzey,* 79 Hun, 23, various cases are reviewed and also in *Abbott* v. *Hockenberger,* 31 Misc. Rep. 588.

In *Taylor* v. *Betsford,* 13 Johns. 487, it is said: " The practice is dangerous and improper, and ought to be guarded against; and the consent ought not to be a matter of inference, as it may be liable to great abuse; it ought to appear affirmatively that it was done with the consent of parties. If they are present, it may be easily ascertained whether they will give it or not, and then the door will be shut against abuse, by reason of misunderstanding, or wrong conclusions drawn from circumstances."

In *Thayer* v. *Van Vleet,* 5 Johns. 111, it was held that the consent of the parties may be inferred.

In *Whitney* v. *Crim,* 1 Hill, 61, the defendant told the justice that the jury wished to see him and thereupon the justice went in, in the presence of both parties, and the court said: " This amounted to little, if any thing, short of an express consent that the justice should go into the jury room, and he ought not now complain of that act."

In *Hancock* v. *Salmon,* 8 Barb. 564, one of the parties told the justice that the jury wished to see him, and the court held there was an express consent as to such party.

The practice of a judge communicating with a jury or even going into the jury room after they have retired is extremely dangerous; and should only be followed when there is an express consent of the parties; or if an implied consent is relied on, when the inference

of consent clearly, necessarily and irresistibly follows from the facts shown, such as where both parties go into the jury room with the justice or the party complaining has told the justice that the jury wished to see him.

I do not think there was any such implied consent here. In *People* v. *Linzey, supra,* Judge Haight said, referring to a judge entering a jury room and communicating with a jury: "It leaves an opportunity for a defeated party to suspect that an injustice has been done him, and in the language of one of the learned judges, to which we have referred, ' The public interest requires that litigating parties should have nothing to complain of or suspect in the administration of justice.' "

The probity and fairness of the city judge here is well known; he undoubtedly entered the jury room with the best of motives and his communication to the jury as returned by him was a correct statement of the law as I view it; but as to whether it was or not and even as to what he said will not be inquired into if he entered the jury room without the consent of the complaining parties; for we have to depend upon his recollection as to what occurred, and that might not be accurate; he may not have clearly expressed his own meaning, or the jurors may have misunderstood him and in afterwards relating what occurred an unintentional alteration of words might entirely change the meaning. Unless waived, a party should have an opportunity to consider the language and effect of any communication of a judge to a jury.

The error was one of fact, not affecting the merits (*Smith* v. *Cayuga Lake Cement Co.,* 105 App. Div. 308), and the reversal should be without costs.

Judgment reversed, without costs.