J. D. LeBlanc, Respondent, *v.* Robert T. Newby, Appellant.

County Court, St. Lawrence County, March 22, 1933.

*Leon G. Crary*, for the appellant.

*Alford C. Wells*, for the respondent.

DOLAN, J. The action herein was tried before a jury. The jury rendered a verdict for the plaintiff for ninety dollars and costs. The costs and disbursements of the justice of the peace amounted to eleven dollars and twenty-five cents.

The case was tried on the 7th day of December, 1932, and an appeal was taken from said judgment on the 9th day of December, 1932, to the County Court of the county of St. Lawrence, at which time the justice of the peace certifies that the appellant paid him only nine dollars and seventy-five cents toward the costs of said action. However, there has been filed with this court by the appellant a receipt for the payment of the costs which receipt is signed by the justice of the peace, and said justice of the peace evidently made said return without demanding further payment of costs.

Two reasons have been urged by appellant for the reversal of the judgment of the said Justice's Court:

*First.* That the constable in charge of the jury and the said justice of the peace entered the jury room and had a conversation with the jurors before the jury had reached a verdict. From the return of the said justice of the peace and also from affidavits of all of the jurors and the said constable, which affidavits were filed with this court upon the argument of said appeal, I am inclined to believe that the only communication had by the justice of the peace and constable with said jurors was to the effect that the jurors notified the constable that they wished to speak with the justice of the peace, and that the said jurors while in the jury room informed the justice of the peace that they wished to ask him a question, and he advised them that he could not hear their questions until they entered the court room, and that thereafter without further communication the said justice of the peace, the said constable and the jurors did enter the court room.

Neither the return on this appeal nor the affidavits filed by the respective parties disclose what questions were asked of the justice of the peace and what answers were made thereto nor is there anything before this court to show whether the litigants or their respective counsel were present at the time said questions were asked and said answers given, if any.

The courts hold that any communication whatever by a justice of the peace, constable or any other person with a jury after the case has been submitted, except in open court, in the presence of either party or respective counsel is to be looked upon with dis-

favor and is usually sufficient to constitute a reversal of the verdict of the jury. (*Jenss* v. *Harrod*, 100 Misc. 624; *Abbott* v. *Hockenberger*, 31 id. 587; *High* v. *Chick*, 81 Hun, 100; *Hudson* v. *Stearns*, 75 N. Y. Supp. 735.)

Nevertheless, the record in this case is so barren of what did occur that I hesitate to reverse upon this ground, the presumption being, unless otherwise shown, that the law has been fully complied with.

The *second* ground that is urged by the appellant is that the constable who had the jury in charge was not sworn as provided in section 255 of the Justice Court Act.

It is conceded by the parties that the constable was not sworn as provided in said section 255. This seems to be a valid objection. While apparently the parties were present and failed to direct attention to the omission, nevertheless, mere silence was not sufficient to constitute a waiver. A compliance with the provisions of said section is mandatory, even if neither party was injured by the omission. The appellant was not required to show that he was prejudiced by the failure to comply with said section. The statute is so imperative and the direction so positive that this court in view of the decisions heretofore rendered must direct a reversal even if there is no proof that injury resulted from the error complained of. (*Douglass* v. *Blackman*, 14 Barb. 381; *Coughnet* v. *Eastenbrook*, 11 Johns. 532.)

The judgment of the Justice's Court is, therefore, reversed and an order to that effect may be submitted.